HENDERSON, Judge,
 

 delivered the opinion of the Court:
 

 The declarations or confessions of the person making them, are evidence against such person and all claiming under him by a subsequent title, and for the plainest reasons. Truth is the object of all trials, and a person interested to declare the contrary, is not supposed to make a statement less favorable to himself than the truth will warrant ; at least there is no danger of overleaping the bounds of truth as against the party making the declarations. It is therefore evidence
 
 against him,
 
 and his subsequent purchaser stands in his situation
 
 ;
 
 for he cannot better his title, by transferring it to another, or thereby affect the rights of those who have an interest in his confessions. During the time that Lord Mansfield presided in the English Courts, a different rule prevailed, that no man should be heard either directly himself as a witness, by giving Ms declarations in evidence to impeach an instrument to which he was a party's, or to invalidate a title which he had passed away as a good one : thereby forming a new rule of excluding witnesses. But the good sense of Ms successor restored, the ancient rule, declaring that he knew of but two rules of exclusion, infamy and interest: and the rule observed in Lord Mansfield’s time is now entirely exploded, except in some of our sister States, where it is retained as
 
 to
 
 instruments which are negotiable.
 

 
 *152
 
 But it is said, that the person whose declarations are offered, is entirely disinterested and within the process of the Court, and therefore should himself be sworn. There would be some weight in this objection, if they were offered as the declarations of a disinterested individual in those cases where such declarations are admissible, to-wit, in cases of pedigree and boundary : for then the declarations would be inadmissible, if the higher evidence, the oath of the party, could be had. In all other cases, except those of pedigree and boundary, the declarations of disinterested individuals are inadmissible j for they are nothing but hearsay. In this case, they are offered as coming from a
 
 Privy in
 
 Estate, and therefore,
 
 in Law,
 
 from the party himself 5 for the privy completely represents him, so that the question whether the person be now disinterested to declare the truth, and is amenable to the process of the Court, does not affect the point now under consideration.
 

 It is asked, Why not swear him ? The answer is, The party likes his declarations better. He may, from some motive, vary his
 
 statement;
 
 and the party offering tiffs evidence is alone to judge. It is true, if he be now disinterested, either party may,
 
 if he choose,
 
 call him as a witness. The evidence was improperly rejected, and the rule for anew trial must be made absolute.