BOND v. MANUFACTURING CO.

(Filed February 27, 1906).

### Deeds—Mental Capacity.

1. In an action to vacate a deed on the ground of mental incapacity,
   there was no error in refusing plaintiff's prayer that "it requires
   more mental capacity to execute a deed than a will and while it is
   sufficient proof to show that a person knows the nature of the
   property he undertakes to will away and to whom he wills it,
   that amount of mental capacity alone will not be sufficient in a
   person undertaking to execute a deed."

2. To execute either a will or a deed the party must have sufficient
   mental capacity to understand what property he is disposing of,
   the person to whom he is giving or selling, and the purpose for
   which he is disposing of the property.

ACTION by Stewart Bond and others against Branning Manufacturing Co. and others, heard by *Judge B. F. Long* and a jury, at the Fall Term, 1905, of the Superior Court of BERTIE.

This was an action to vacate and avoid a deed made by the ancestor of plaintiff to defendant John Darden, who thereafter conveyed the land and timber on the land to defendant, Branning Manufacturing Company. Plaintiff urged mental incapacity on the part of the grantor and undue influence by the defendant grantee. By consent the issue in regard to the second cause of action was answered in the negative. The jury answered the other issues for the defendant. From a judgment for the defendant, the plaintiff appealed.

*St. Leon Scull* for the plaintiffs.
*Winston & Matthews* for the defendant.

CONNOR, J. But two exceptions were urged in this court. The plaintiff requested the court to instruct the jury: "It requires more mental capacity to execute a deed than a will, and while it is sufficient proof to show that a person knows the nature of the property he undertakes to will away, and to whom he wills it, that amount of mental capacity alone will not be sufficient in a person undertaking to execute a deed." His Honor declined to give the instruction and the plaintiff excepted.

There are several objections to the instruction. There was no issue involving the several degrees of mental capacity suggested. No will had been made, nor was there any effort to set up a will by setting aside a deed. It would not aid a jury who were inquiring in respect to the capacity to make the deed in controversy, to inquire into an entirely collateral question. It is true, as contended by defendant's counsel in his well prepared brief, that courts have used the expression that it required less mental capacity to make a valid will than a

deed.   We find, however, by a careful examination of the cases cited, that the expression has been used upon trials of an issue *devisavit vel non* and as illustrative of the capacity requisite to the execution of a will, rather than the announcement of a principle of law.   In the cases cited from West Virginia, the instruction was given and sustained.   We find no case in which it has been held error to refuse to give it.   It is entirely competent for counsel to argue the proposition as illustrative of the degree of capacity necessary to the execution of a will, but we cannot see how it would, if established and accepted by the jury as correct, aid them in answering the question propounded, whether the grantor had sufficient capacity to execute the deed to the defendant.   It is elementary that instructions involving abstract propositions of law, having no reasonable connection with or bearing upon the testimony, should not be given and that it is not error to refuse such instruction.   It is by no means clear that the expression, carefully considered, is correct.   To execute either a will or a deed, it is abundantly established that the party must have sufficient mental capacity to understand what property he is disposing of, the person to whom he is giving or selling and the purpose for which he is disposing of the property.   In *Smith v. Beatty,* 37 N. C., 456, it is said: "Weakness of mind alone, without fraud, does not appear to be a sufficient ground to invalidate an instrument.   It is said that a court of equity will not measure the size of people's understandings.   Excessive old age, with weakness of mind, may be a ground for setting aside a conveyance obtained under such circumstances.   But, old age alone, without some proof of fraud, will not invalidate a transaction."   *Rippy v. Gant,* 39 N. C., 443; *Suttles v. Hay,* 41 N. C., 124.   These were cases in which it was sought to set aside deeds.   We are unable to see any good reason why a different standard of mental capacity should be established for the execution of a will and a deed.   It is apparent that a court would scrutinize with more care and hold the

grantee to a stricter account to show fair dealing, or rebut any presumption of undue influence, than a devisee, but in the ultimate decision of the question of capacity, the standard is or should be the same—was the execution of the paper the free voluntary act and deed of the party, knowing what he was doing? The question of undue influence or fraud is eliminated by the consent of the plaintiff to the answer of the issue upon that question. The sole question is one of fact—whether at the time the grantor executed the deed, he had sufficient mental capacity to understand what he was doing. This is the standard laid down by this court in *Horne v. Horne,* 31 N. C., 99; *Lawrence v. Stitt,* 66 N. C., 584. In *Paine v. Roberts,* 82 N. C., 451, *Smith, C. J.,* said that the standard fixed by the law was that the party "knows what he is about." We are not cited to any case in which this court has made or recognized the distinction; on the contrary, our investigation discloses a clear rejection of it in *Barnhardt v. Smith,* 86 N. C., 473, in which *Smith, C. J.,* says: "The rule laid down by *Lord Coke* 'that the person must be able to understand what he is about,' approved in *Moffit v. Witherspoon,* 32 N. C., 185; *Horne v. Horne,* 31 N. C., 99, and more recently in *Paine v. Roberts,* 82 N. C., 451, as a general and practical rule for the guidance of juries, approximates an accurate statement of the law as to the degree of mental capacity required to make a valid disposition of property as the subject will admit." This case involved the validity of a deed. *Bost v. Bost,* 87 N. C., 477; *Horah v. Knox, ibid.,* 483; *Williams v. Haid,* 118 N. C., 481; *Cameron v. Power Co.,* 138 N. C., 365. There was no error in refusing the plaintiff's prayer. The exception to the instruction given was not pressed. We have examined it and find that it is in strict accordance with the settled law of this State. The grantor provides for the payment of a mortgage indebtedness which was outstanding and threatening to deprive him of his home; he also provided for

the support of himself and his wife. There is no suggestion that the grantee did not fully discharge his duty in the matter.

The judgment must be

Affirmed.