EULA M. CHANDLER v. J. W. JONES ET AL.

(Filed 25 April, 1917.)

1. Evidence — Hearsay — Declarations — Appeal and Error — Determinative Issues.

In an action upon a contract for the payment of money, controverted upon the ground that the defendant and his wife had paid a certain sum of money to the plaintiff's husband at her request and for her benefit, declarations of the defendant's wife, not made in plaintiff's presence, as to this controlling feature of the case are incompetent, not falling within the exceptions as to the admissibility of hearsay evidence (*King v. Bynum*, 137 N. C., 495), and their admission constitutes reversible error. The court frames issues to be used upon the new trial awarded, which will be terminative under a former opinion.

2. Parties—Contracts—Beneficial Interests—Actions.

In an action to recover money due upon contract the defense is available that the defendant had paid, at the request and for the benefit of the plaintiff, certain moneys to another in a transaction to which the plaintiff was not a party.

CIVIL ACTION, tried before *Long, J.,* at January Term, 1917, of GUILFORD.

This is an action to recover the sum of $600 alleged to be due by contract.

The defendant admitted the execution of the contract, and alleged that he had paid the sum of $500 thereon.

The contract was entered into on 30 April, 1890, between the defendant and his wife, and under its terms the defendant was to become the owner of a certain tract of land if he survived his wife, upon the payment of $600 to the plaintiff, who was then Miss Eula Vanstory, and it is upon this contract the plaintiff is suing.

The plaintiff offered evidence to prove that she did not know of the existence of said contract at the time said money was paid; that it was not paid at her request; that she knew nothing of the purpose for which it was paid, and that it was a gift to her husband, A. D. Chandler.

The defendant offered evidence tending to prove that the said sum of $500 was paid in part satisfaction of the sum of $600 due under said contract, and at the request of the plaintiff, Eula Chandler, and that it was used, with her knowledge, in satisfaction of a mortgage on a tract of land which was conveyed to her said husband.

The defendant introduced Mr. and Mrs. Rankin, who testified, over the objection of plaintiff, in substance, that they had heard Mrs. Jones,

wife of the defendant, say, in the absence of the plaintiff. that said sum of $500 was paid on said contract, and the plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff excepted and appealed.

*King & Kimball for plaintiff.*
*Cooke & Fentress and Jerome & Jerome for defendant.*

ALLEN, J.   It is not denied by the plaintiff that the defendant paid $500 in 1893, which inured to the benefit of her husband, but she contends that the payment was not made at her request; that it was not in satisfaction *pro tanto* of the amount due to her under the contract between the defendant and his wife, and that it was not paid for the purpose of discharging a mortgage on the land conveyed to her husband.

It therefore appears that the evidence of Mr. and Mrs. Rankin was important and material on the only controverted facts submitted to the jury, and this evidence falls within the rule excluding hearsay evidence, and is not covered by any of the exceptions to the rule.

Mr. and Mrs. Rankin, in effect, testified that they *heard* Mrs. Jones, wife of the defendant, *say,* in the absence of the plaintiff, that the $500 was to come out of the contract.

The rule, with the exceptions and the comment of the Court in *King v. Bynum,* 137 N. C., 495, cited in Lockhart's Evidence, sec. 138, are directly applicable to the evidence in this record, erroneously admitted.   The Court says in that case: " 'Evidence oral or written, is called hearsay when its probative force depends in whole or in part upon the competency and credibility of some person other than the witness by whom it is sought to produce it.'   11 A. and E. Enc. (2 Ed.), 520, and cases cited; *Coleman v. Southwick,* 9 Johns. (N. Y.), 45; *S. v. Haynes,* 71 N. C., 79.   There are exceptions to this general rule excluding hearsay evidence laid down in the text-writers on evidence, such as admissions, confessions, dying declarations, declarations against interest, ancient documents, declarations concerning matters of public interest, matters of pedigree, and the *res gestœ.*   The most ingenious mind can hardly bring the testimony pointed out within any recognized exception to the general rule excluding hearsay evidence. 1 Greenleaf Ev., ch. 6 (13 Ed.), gives the recognized exceptions to the general rule."

There must be a new trial on account of the error pointed out, and as this is the second appeal in the action and the amount in controversy is in danger of being consumed by the litigation, in order

that all matters in controversy be settled, the defendant may move the court to be permitted to make the husband of the plaintiff a party and to amend his answer, and it is directed that the following issues be submitted at the last trial:

1. Did the defendant lend to or advance at the request of A. D. Chandler any money, and if so, when and how much?

2. If so, was said money lent or advanced for the purpose of paying off and satisfying a mortgage on the land conveyed to the said Chandler by one Lambeth, and was it so used?

3. If so, was said money lent or advanced at the request of the plaintiff Eula Chandler?

4. If so, was said money lent or advanced as a payment on the amount due under the contract entered into between the defendant and wife?

5. If so, did the plaintiff Eula Chandler know that said amount was lent or advanced as a payment on said contract, and that it was to be used in satisfying said mortgage?

When these facts are ascertained by the verdict of a jury the rights of the parties can be determined under the former opinion of this Court.

If answered in favor of the defendant, he will be entitled to a credit on his contract, or to subrogation; and if against him, the plaintiff will have judgment for the full amount due under the contract.

The motion of the defendant to dismiss the action upon the ground that the plaintiff is not a party to the contract on which she sues cannot be sustained, as "One not a party or privy to a contract, but who is a beneficiary thereof, is entitled to maintain an action for its breach." *Gorrell v. Water Co.,* 124 N. C., 333, and cases cited.

New trial.