IN THE MATTER OF THE LAST WILL AND TESTAMENT OF L. A. CRAIG.

(Filed 8 December, 1926.)

**Wills—Undue Influence—Evidence—Nonexpert Witnesses.**

Evidence is incompetent from a nonexpert witness that the testator, whose will was being tried upon the issue of *devisavit vel non*, was under the undue influence of the wife when making the will in question in her favor. Where undue influence and mental incapacity are in question, it is better to submit each under separate issues.

CIVIL ACTION, tried at May Term, 1926, of CALDWELL before *Lane, J.*, and a jury.

On 20 May, 1925, L. A. Craig executed a last will and testament, devising to his wife, Lillie A. Craig, all of his property and appointing her executrix of the will. The testator left him surviving an only child by a former marriage, to wit, Mrs. Edith Price. The testator had no child by his second wife, Lillie A. Craig. The devisee and executrix, Mrs. Lillie A. Craig, presented the will for probate and obtained letters of administration upon the estate. Thereafter Mrs. Price filed a caveat to said will. Pending the trial of the issue, Mrs. Lillie Craig died intestate, leaving as her heirs at law and distributees her brothers and sisters, who were duly made parties to the proceeding.

The case was tried upon the single issue: "Is the paper-writing propounded for probate, or any part thereof, the last will and testament of L. A. Craig?"

The jury answered the issue no, and the propounders appealed, assigning errors.

*Squires & Whisnant and E. B. Cline for propounders.*
*W. C. Newland, F. A. Linney and Lawrence Wakefield for caveators.*

BROGDEN, J. The caveators allege that the testator did not have sufficient mental capacity to make a will, and that said will was obtained by his wife, Lillie A. Craig, and her close relatives by means of undue and improper influence and duress exercised upon the said testator.

This Court has intimated in cases of this kind that it is a better prac-
tice to submit separate issues relating to mental capacity and undue
influence. *In re Rawlings' Will,* 170 N. C., 58.

A niece of the testator was asked the following question: "From your
experience and observation while you were there, and of the deceased,
your uncle, I'll ask you whether or not in your opinion he was under
the domination, direction and control of his wife."

The witness answered: "Yes, sir, he was."

The propounders excepted to the ruling of the court in permitting
the question and answer.

Another witness was asked: "Are you able to state as to whether or
not he was under the influence and domination and control of his wife?"

The witness answered: "Not positive."

The propounders excepted to the ruling of the court in permitting
the question and answer.

Another witness was asked: "From your experience and observation,
have you an opinion as to whether or not he was under the influence and
domination and control of his wife, Mrs. Lillie Craig?"

The witness answered: "Somewhat, yes."

The propounders excepted to the ruling of the court in permitting
the question and answer.

Another witness was asked: "From your experience and observation
visiting that home there, and seeing and judging the relations between
Mr. Craig and his wife, have you an opinion as to whether or not she
exercised influence over him and he was under her dominion and con-
trol?"

Witness answered: "I think so."

The propounders excepted to the ruling of the court in permitting
the question and answer. There was other testimony to the same effect.

The law is well settled, that in cases involving the mental capacity
of a testator to make a will, that a nonexpert witness, though not a
subscribing witness or even present when the will is made, may testify
as to the mental condition of a testator if he has had reasonable or ade-
quate opportunity for observation. *Bond v. Mfg. Co.,* 140 N. C., 381;
*In re Rawlings' Will,* 170 N. C., 58; *Hyatt v. Hyatt,* 187 N. C., 113.
This principle, however, has never been extended by the courts to include
opinions as to undue influence.

In *Stewart v. Stewart,* 155 N. C., 341, the caveator was a son by the
first marriage, and the propounder was the second wife and chief bene-
ficiary. The following question was asked: "What influence did Cassie
Stewart seem to exert over Henry Stewart, Sr.?" The witness an-
swered: "She certainly seemed to do most of the talking, and he seemed
to be under her thumb a good deal." The court excluded the question

42—192

and answer. *Clark, C. J.,* says: "The question was excluded upon the ground that it was leading. We also think that it was incompetent as the expression of a conclusion which it was the province of the jury to draw upon facts placed before them. The condition of the testator's mind was a matter as to which any one having opportunity for observation can testify, subject to cross-examination to test the value of the opinion expressed by the witness, *Clary v. Clary,* 24 N. C., 78, but whether there was undue influence is a question for the jury to decide from the facts and circumstances placed in evidence . . . But it would not have been competent for the witness . . . to testify that such°person had a controlling influence over the testator."

The evidence, therefore, was incompetent and inadmissible, and constitutes reversible error. There are other serious questions presented in the record as to the competency of evidence, but we express no opinion in regard to them for the reason that there must be a new trial for the errors specified, and each party is entitled to have the case tried upon its merits without the embarrassment of intimation from this Court.

New trial.