ROYAL INSURANCE COMPANY ET AL. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 6 June, 1928.)

**Evidence—Hearsay Evidence—Declarations Against Interest—Railroad—Insurance.**

When insured goods have been destroyed by fire, and the owner has received payment for the loss from the insurance company, and the latter, under a writing of subrogation, brings action against a railroad

for negligence in causing the loss, the admissions of the owner upon the issue of negligence involving the origin of the fire are incompetent when it clearly appears that he had no knowledge of the facts upon which his supposed admissions or declarations were predicated, and is in effect an opinion of a nonexpert witness upon which he is not qualified to give an opinion.

STACY, C. J., dissenting.

CIVIL ACTION before *Cranmer, J.,* at September Term, 1927, of SAMPSON.

There was allegation and proof to the effect that the plaintiff Royal Insurance Company issued to Bethune-Colwell and Company, a policy of fire insurance for the sum of $5,000, insuring against loss or damage by fire, cotton owned by the insured, and that the other plaintiff Home Insurance Company had issued a policy for the same amount to the same persons for the same purpose. That on 13 October, 1922, Bethune-Colwell and Company, who were cotton buyers in the town of Clinton, N. C., had purchased and placed upon the cotton platform on the defendant's right of way certain lint cotton of the value of $9,075.86, and that while said cotton was so stored on said platform the defendant about six or seven o'clock in the evening of Saturday backed a freight train into the said depot near said cotton platform and that the employees of defendant were cooking their supper in the caboose and using for such purpose a stove, and that fire and flames were negligently permitted to escape from said stove and to fall upon said cotton platform, setting fire thereto and completely destroying the same. That proof of loss was filed by said Bethune-Colwell and Company against the plaintiffs, and that the loss, amounting to $9,075.86, was paid to the owners of said cotton; that after the full payment of said loss by the plaintiffs the said Bethune-Colwell and Company, executed to each of the plaintiffs a subrogation agreement "and did assign, set over, transfer and subrogate to each of the plaintiffs, all the right, claims, interest choses or things in action," and authorized and empowered the plaintiffs and each of them to sue said defendants for the loss sustained for the destruction of said cotton. The defendant denied that it was guilty of any negligence.

The following issues were submitted to the jury:

"1. Was the cotton of Bethune-Colwell and Company, which was insured by the plaintiffs, and the loss therefor, paid for by them, burned by the negligence of the defendant, as alleged in the complaint?

"2. Was Bethune-Colwell and Company guilty of contributory negligence which contributed to the damages for which this action was brought to recover, as alleged in the answer?

"3. What damages, if any, are these plaintiffs entitled to recover?"

The jury answered the first issue "no," and did not answer the other issues.

From judgment upon the verdict in favor of defendant plaintiffs appealed.

*Butler & Herring for plaintiffs.*
*Rountree & Carr and A. McL. Graham for defendant.*

BROGDEN, J. Bethune-Colwell and Company, were the owners of the cotton destroyed by fire. On 8 July, 1925, after receiving payment, a subrogation receipt was signed and delivered to the plaintiffs by the owners of said cotton, and the plaintiffs, by virtue of said subrogation receipt and assignment, instituted this action against the defendant on 11 July, 1925. L. A. Bethune, one of the owners of the cotton, testified that his firm was required, under the terms of the contract of insurance, to sign a subrogation agreement, but that the subrogation paper first presented by the plaintiffs permitted the plaintiffs to bring suit in the name of the owners of the cotton, to wit, Bethune-Colwell and Company, and that the owners had declined to sign the receipt in that form. Thereupon the witness Bethune was asked the following question on cross-examination by counsel for defendant: "Q. Had you not stated that in your opinion, before that time, (that is the time of signing the subrogation receipt), that the railroad company was not responsible for this fire?" "A. I expressed the opinion that I did not think the railroad company burned it. Yes sir, I did that." The plaintiff objected to the question and moved to strike out the answer. The trial court admitted the evidence and the plaintiffs excepted.

The witness Bethune also testified as follows: "When I got there not all of the cotton was on fire. . . . I did not observe the condition at the cotton platform or on the track the day of the fire. . . . I got to the fire as quick as I could after the alarm was sounded. I do not know of my own knowledge how the fire occurred, I do not recall that I noticed the condition around the platform that particular day."

The plaintiff contends that the evidence is incompetent for the reason that it permitted a witness to give an opinion as to the cause or origin of the fire when the witness had no personal knowledge of the condition of the premises and was not present when the fire started. The defendant contends that the testimony is competent for the reason that it is a declaration against interest, which is one of the well defined and well established exceptions to the hearsay rule. One of the leading cases in this State, discussing declarations against interest, is *Smith v. Moore,* 142 N. C., 277. In that case *Walker, J.,* writing for the Court, said: "Declarations of a person, whether verbal or written, as to facts relevant to the matter of inquiry, are admissible in evidence, even as between third parties, where it appears: 1. That the declarant is dead. 2. That

the declaration was against his pecuniary or proprietary interest. 3. That he had competent knowledge of the fact declared. 4. That he had no probable motive to falsify the fact declared." *Roe v. Journegan,* 175 N. C., 261; *Carr v. Bizzell,* 192 N. C., 212.

Without entering into any discussion of the complexities of declaration against interest, it is generally held to be the law that in order to make such declarations admissible in evidence the declarant must have a competent knowledge of the fact declared. In the case at bar the witness Bethune expressly testifies that he had no knowledge of the condition of the premises or of the origin of the fire. The cotton was burning when he arrived upon the scene. The evidence of the witness perhaps would be more in the nature of an admission. The difference between an admission and a declaration against interest is discussed by *Justice Allen* in *Roe v. Journigan, supra.* Of course, technically an admission is a statement of a party, and the witness Bethune was not a party to this action. He was, however, the assignor of the plaintiffs, and was therefore a privy in estate, and any competent declaration made by an assignor is admissible against the assignee, who holds title under him. *Guy v. Hall,* 7 N. C., 150; *Johnson v. Patterson,* 9 N. C., 184; *Satterwhite v. Hicks,* 44 N. C., 105; *MaGee v. Blankenship,* 95 N. C., 568; *Shaffer v. Gaynor,* 117 N. C., 24; Wigmore on Evidence, 2d ed., Vol. 2, sec. 1080 *et seq.,* p. 593. But even an admission must be the acknowledgment of a fact and not of a mere opinion, having no foundation either in knowledge or from observation.

The whole question, therefore, is narrowed to the inquiry as to whether or not the opinion of the witness Bethune as to the origin of the fire was competent under the circumstances disclosed by the record. In *Hill v. R. R.,* 186 N. C., 475, this Court stated the law as follows: "In the law of evidence no principle is more familiar than that which ordinarily excludes the opinion of a nonexpert witness. One who is called to testify is generally restricted to proof of facts within his personal knowledge, and is not permitted to express his opinion concerning matters which the jury are required to decide. . . . The opinion of the witness should be based upon facts admitted or found, or upon his personal knowledge, and not upon the assumption of the fact."

The origin of the fire was the point in issue between the parties and was the identical question to be determined by the jury. The testimony was therefore incompetent and should have been excluded. *Summerlin v. R. R.,* 133 N. C., 551; *Marshall v. Telephone Co.,* 181 N. C., 292; *Stanley v. Lumber Co.,* 184 N. C., 307; *S. v. Brodie,* 190 N. C., 554; *Trust Co. v. Store Co.,* 193 N. C., 122; 154 N. C., 523.

New trial.

STACY, C. J., dissenting.