MRS. MAUDE J. CHEEK, ADMINISTRATRIX OF W. E. CHEEK, DECEASED,
v. BARNWELL WAREHOUSE AND BROKERAGE COMPANY, AND
B. B. SHARPE.

(Filed 26 February, 1936.)

**1. Evidence K a—Opinion testimony held properly excluded as invading
the province of the jury.**

Plaintiff's intestate was killed in a collision between his car and a
truck driven by the individual defendant. The driver of the truck was
the only surviving eye-witness of the accident, and did not testify at
the trial. The liability of defendants was based mainly on plaintiff's
contention that the truck was being driven on the wrong side of the
highway. A witness who came upon the scene of the accident shortly
after it occurred was allowed to described to the jury the position of
the cars, the location of the glass and other physical facts at the scene
of the collision. The court excluded his testimony, based upon the
physical conditions at the scene, that at the time the cars collided the
truck was a foot and a half over the center of its side of the highway.
*Held:* The testimony was properly excluded as invading the province
of the jury.

**2. Automobiles C m: Negligence D c—Where plaintiff's evidence raises
only conjecture of defendant's negligence, nonsuit is proper.**

Where plaintiff's evidence leaves in speculation and conjecture the
determinative fact of whether defendant's car was being driven on the
wrong side of the highway at the time of the collision, defendant's
motion to nonsuit is properly granted, the burden being on plaintiff
to establish the negligence of defendant. C. S., 2621 (51).

APPEAL by the plaintiff from judgment of nonsuit entered by *Pless, J.,*
at August Term, 1935, of GUILFORD. Affirmed.

*A. C. Davis and Frazier & Frazier for plaintiff, appellant.*
*Cooper & Curlee and Brooks, McLendon & Holderness for defendants,
appellees.*

SCHENCK, J. This is an action for wrongful death of plaintiff's
intestate resulting from a collision between a motor truck owned by the
corporate defendant and driven by the individual defendant and a
Chevrolet automobile driven by the intestate.

It is admitted that the collision took place on 10 December, 1934, on
Highway No. 10, between Greensboro and Raleigh, while the truck was
being driven east and the Chevrolet was being driven west, that the
defendant Sharpe was driving the car of the Barnwell Warehouse and
Brokerage Company in the scope of his employment as a chauffeur for
the company, and that as a result of the collision the intestate was killed.

All allegations of negligence contained in the complaint are abandoned in the appellant's brief except those to the effect that the defendant's truck was being driven on the left half of the highway in violation of C. S., 2621 (51), and similar statutes, and that the driver of said truck failed to maintain a careful and proper lookout.

So far as the record discloses there were no eye-witnesses to the collision between the two cars other than the intestate, who is now dead, and the driver of the truck, who did not testify. The plaintiff rests her case upon the testimony of witnesses who reached the scene of the collision some time after it occurred, and from the testimony of these witnesses all that can be gleaned is that the two cars collided and that the intestate was killed as a result of the collision. There is no evidence to establish on which side of the center line of the road the collision took place, or to establish the failure by the defendant to keep a proper lookout.

The plaintiff offered the testimony of the witness Bayne to the effect that the collision took place on the intestate's side of the center line of the road, that is, the north side, to which the defendants in apt time objected. The following questions and answers were propounded to and made by the witness in the absence of the jury: "Question: I asked you where, with respect to the center line in the road, did the cars come in contact with each other? Answer: Eighteen inches on the right-hand side coming this way. That is the north side. Question: From what you saw there now, and from the location of the cars and other conditions there, do you know where the collision took place, on which side of the road? Answer: About eighteen inches on the north side of the road." We think that the court properly excluded this testimony from the jury, since it does not fall within the exception to the rule as to the admission of opinion evidence by a nonexpert witness upon a collective fact, for the reason that it is an expression by the witness of an opinion upon the very question which the jury was called upon to answer. *Trust Co. v. Store Co.,* 193 N. C., 122; *Pace v. McAden,* 191 N. C., 137.

The court allowed the witness to describe the position of the cars, the location of the glass and other physical facts which he found upon his arrival at the scene of the collision, and it was the province of the court to determine from those facts, and such other facts as the evidence disclosed, whether there was evidence sufficient to be submitted to the jury upon the determinative question in the case, namely, on which side of the center line of the road did the collision take place. His Honor held, and we think properly, that the evidence was not sufficient to take the case to the jury upon this question.

In *Grimes v. Coach Company,* 203 N. C., 605, *Brogden, J.,* writes: "The law imposes upon the plaintiff the burden of offering evidence tending to show that the injury was proximately caused by the negli-

gence of the defendant. In the present case, deductions, inferences, theories, and hypotheses rise and run with the shifting turns of interpretation, but proof of negligence must rest upon a more solid foundation than bare conjecture."

The judgment of the Superior Court is
Affirmed.