SAM W. JONES v. LOUISE H. BAILEY.

(Filed 18 September, 1957.)

**1. Automobiles § 37: Evidence § 41—**

    Testimony of a witness as to a declaration made by an officer in a conversation with defendant at the hospital sometime after the accident to the effect that the officer said defendant did not have the right of way at the intersection is incompetent and its admission constitutes prejudicial error, the declaration not being a part of the *res gestae* and not coming within any exception to the hearsay rule.

**2. Automobiles § 38: Evidence § 49—**

    Where the question of the right of way at an intersection is the crucial question in dispute, testimony of a declaration by an officer to the effect that the defendant did not have the right of way is incompetent, since such conclusion clearly invades the province of the jury.

JONES *v.* BAILEY.

**3. Appeal and Error § 41—**

　　While ordinarily an exception to the admission of evidence is waived when the same evidence is theretofore or thereafter admitted without objection, this rule does not preclude a party from attempting to explain such evidence or destroy its probative value or even contradict it with other evidence, and an objection to testimony of an incompetent declaration is not waived by the party's cross-examining the declarant and by testifying that she had no recollection of the conversation in which the declaration was made.

APPEAL by defendant from *Froneberger, J.*, April Term 1957, of CHEROKEE.

This is a civil action instituted by the plaintiff to recover for damage to his automobile arising out of a collision between his 1955 Buick sedan and the 1952 Buick sedan driven by the defendant, which collision occurred about 1:00 p.m. on 21 September 1955, at the intersection of Park and State Streets in the Town of Hendersonville.

Park Street runs approximately east and west and State Street north and south. At the intersection there were no stop signs or other traffic control devices or warnings on either street; the intersection is in a residential area. Both streets are paved, State Street being approximately 18 feet wide and Park Street 16 feet wide. The view at the northeastern intersection of these streets was limited at the time of the accident due to the growth of bushes, briars and weeds on a vacant lot at such intersection.

The plaintiff approached the intersection from the east on Park Street and the defendant from the north on State Street. The cars entered the intersection and collided, resulting in substantial damage to both cars. The plaintiff approached the intersection from the defendant's left. He offered evidence tending to show that he entered the intersection first. On the other hand, the defendant offered evidence tending to show that both cars entered the intersection at approximately the same time.

The issues of negligence, contributory negligence and damages were answered by the jury in favor of the plaintiff.

From the judgment entered on the verdict the defendant appeals, assigning error.

*Uzzell & DuMont for appellee.*
*Meekins, Packer & Roberts for appellant.*

DENNY, J. The defendant's first assignment of error is based on an exception to the admission of certain testimony in the trial below over the defendant's objection. The plaintiff was permitted to testify that after the accident he heard a conversation between the defendant, Mrs.

Bailey, and an officer, at the hospital. The testimony of the plaintiff, to which objection was made and exception entered, was as follows: "Q. What did Mrs. Bailey say? A. As we walked in the hospital, Mrs. Bailey and Mrs. Patton were sitting there and she asked the officer if she had the right of way and the officer said she didn't." Defendant objected and moved to strike the answer. The objection was overruled and the defendant excepted. "Q. Anything else? A. The officer told her she didn't have the right of way and she also said, 'I usually wear my glasses and I didn't have my glasses on at that time.' I believe that was all she said." Defendant moved to strike that portion of the purported statement to the effect that the officer said she didn't have the right of way. The objection was overruled and the defendant excepted.

This evidence was inadmissible on two grounds. In the first place, it was hearsay evidence to the extent that its value or truthfulness depended in part upon the veracity and competency of some other person. 20 Am. Jur., Evidence, section 451, page 400; *Teague v. Wilson*, 220 N.C. 241, 17 S.E. 2d 9; *Greene v. Carroll*, 205 N.C. 459, 171 S.E. 627; *S. v. Blakeney*, 194 N.C. 651, 140 S.E. 433; *S. v. Lassiter*, 191 N.C. 210, 131 S.E. 577; *S. v. Springs*, 184 N.C. 768, 114 S.E. 851; *Chandler v. Jones*, 173 N.C. 427, 92 S.E. 145; *King v. Bynum*, 137 N.C. 491, 49 S.E. 955. Moreover, it is quite clear that the officer to whom the witness referred was not at the time and is not now a party to the action. Neither was he an agent of the defendant. Furthermore, the purported statement is not of such character as to make it a part of the *res gestae* or to bring it within the rule of a dying declaration or other exception to the hearsay rule. *S. v. Blakeney, supra.*

In the case of *S. v. Blakeney, supra,* one W. S. Coursey was permitted to testify over objection with respect to the defendant's alleged shortage based on a report given to him by Mr. Latham, chief bank examiner. In granting a new trial based on the admission of the hearsay evidence, *Stacy, C. J.*, in speaking for the Court, said: "True the defendant, when he came to testify, was asked about the report of the State bank examiner, and two of the directors of the bank also gave evidence in regard to it, but this did not cure the original error, as the testimony of W. S. Coursey was the keystone in the arch of the State's case."

In the second place, the purported statement of the officer was inadmissible because it was a declaration of an opinion or conclusion which he would not have been permitted to state as a witness. 20 Am. Jur., Evidence, section 548, page 462. We think this evidence clearly invaded the province of the jury. *Broom v. Bottling Co.*, 200 N.C. 55, 156 S.E. 152; *Cheek v. Brokerage Co.*, 209 N.C. 569, 183 S.E. 729; *Trust Co. v. Store Co.*, 193 N.C. 122, 136 S.E. 289; *In re Craig*, 192 N.C. 656, 135 S.E. 798; *Marshall v. Telephone Co.*, 181 N.C. 292, 106 S.E. 818.

Whether the plaintiff or the defendant had the right of way at the time they entered the intersection of Park and State Streets was the crucial question to be resolved by the jury from the evidence before they could correctly and properly answer the issues submitted to them.

The appellee contends, however, that when the defendant went upon the stand and denied that she made any inquiry of the officer as to whether or not she had the right of way at the time of the accident and called the officer as a witness in her behalf, who testified that he had no recollection of having said anything to Mrs. Bailey at the hospital, that their testimony made the testimony of the plaintiff competent for the purpose of contradicting or impeaching the testimony of the defendant and her witness, citing *Hopkins v. Colonial Stores*, 224 N.C. 137, 29 S.E. 2d 455.

Consequently, the appellee contends that when the defendant offered evidence to contradict his testimony, she lost the benefit of her exception to the admission of such evidence. We do not concur in this view. Moreover, any statement in the opinion of *Hopkins v. Colonial Stores, supra*, that may be inferred to be in conflict with this opinion, on this particular point, is disapproved. It is the well established rule with us that when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost, but as stated by *Brogden, J.*, in *Shelton v. R. R.*, 193 N.C. 670, 139 S.E. 232: "The rule does not mean that the adverse party may not, on cross-examination, explain the evidence, or destroy its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception." *S. v. Godwin*, 224 N.C. 846, 32 S.E. 2d 609; *S. v. Tew*, 234 N.C. 612, 68 S.E. 2d 291.

The defendant is entitled to a new trial and it is so ordered.

New trial.