ACADEMY OF DANCE ARTS, INC., v. J. T. BATES, L. A. REYNOLDS COMPANY, INC., J. A. CUTRELL, T/A J. RAY PAVING COMPANY, AND INDEPENDENT INVESTORS, INC.

(Filed 12 June 1968.)

**1. Appeal and Error § 45—**
    Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him. Court of Appeals Rule No. 28.

**2. Trespass § 6—**
    In an action in trespass, testimony to the effect that plaintiff's plans for the construction of a building on its land were delayed as a result

of defendant's acts in placing obstructions on the land, and that the delay resulting therefrom increased the cost of the building by $10,000, *is held* properly admitted in the absence of objection to the testimony relating to the increase in the cost of construction.

**3. Appeal and Error § 48—**

When evidence is admitted over objection, but the same evidence has been theretofore or is thereafter admitted without objection, the benefit of the objection is ordinarily lost.

**4. Same—**

Unsolicited and unresponsive testimony of plaintiff's witness to the effect that defendant spoke to her in an insulting manner over the telephone, *is held* not sufficiently prejudicial to warrant a new trial.

**5. Same—**

Evidence of the contents of letters exchanged between plaintiff's counsel and counsel for a codefendant which related solely to plaintiff's action against the codefendant, *is held* properly admitted where the court sustains the objection as to the defendant and clearly restricts the jury's consideration of the letters to the codefendant.

**6. Trespass § 8—**

In an action in trespass, evidence that a contractor dumped dirt and broken material onto plaintiff's alleyway, thereby obstructing plaintiff's use thereof, and that the contractor had dumped the material at defendant's direction and in the place where he thought defendant's property was located, *held* sufficient to support allegations relating to punitive damages.

**7. Trespass § 11—**

In an action in trespass wherein plaintiff's rights in an alleyway were established in his favor, judgment requiring defendant to remove dirt, concrete and other obstructions placed in the alleyway at his direction *is held* fully warranted under the pleadings, evidence and verdict in the case.

APPEAL by defendant Bates from judgment of *Johnston, J.,* entered at the 27 November 1967 Civil Session of FORSYTH Superior Court.

This is a civil action originally instituted by plaintiff against J. T. Bates (Bates), L. A. Reynolds Company, Inc. (Reynolds), and J. A. Cutrell, trading as J. Ray Paving Company (Ray).

In its complaint filed 10 May 1965, grounded on trespass on plaintiff's land in the city of Winston-Salem, plaintiff alleges: That it is the owner of a lot located for the most part inside of a city block; the main portion of the lot adjoins the property of Bates on the south for approximately 175 feet; the western side of the lot is approximately 109 feet and the north side is approximately 175 feet; the east side of the main portion of the lot is approximately 109 feet with a 25-foot strip extending 125 feet northwardly to Beach Street; the southern 20 feet of plaintiff's lot is burdened by

a private alleyway which extends eastwardly and westwardly from plaintiff's lot; westwardly, it extends approximately 210 feet to Miller Street; certain property east and west of plaintiff may use the alleyway, but Bates has no right to use it; plaintiff has the right to use the alleyway westwardly to Miller Street, thereby affording plaintiff's inside lot with an outlet to Miller Street on the west.

The complaint further alleges that Bates' property extends west-wardly to Miller Street immediately south of the alleyway; that at the time plaintiff purchased its lot, the property now owned by Bates was owned by a predecessor in title and was considerably higher than plaintiff's property; that without plaintiff's consent and over its protests, Bates, Reynolds and Ray trespassed upon plain-tiff's property by piling large mounds of dirt, junk, tree stumps, ce-ment slabs, and other debris on the alleyway, not only on the por-tion of the alleyway on plaintiff's property but on the portion ex-tending from it to Miller Street, completely obstructing said alley-way; that plaintiff requested said defendants to cease and desist from blocking and obstructing the alleyway and trespassing on plaintiff's property, and to remove obstructions placed thereon, but defendants failed and refused to do so. Plaintiff alleged irreparable damage because of the continuing trespass, that it has been wrong-fully prevented from the utilization and enjoyment of its property, and prayed for an injunction permanently enjoining defendants from obstructing said alleyway and requiring them to remove all ob-structions therefrom, and for monetary judgment in the sum of $10,000.

Reynolds filed answer alleging that all dirt which it placed on plaintiff's property was placed there at the direction of Bates. In his answer, Bates denied the material allegations of the complaint and alleged a counterclaim against plaintiff for $10,000 for failure to provide his lot with lateral support; he also asked that plaintiff be required to construct a retaining wall sufficient to retain his property.

By proper order, Independent Investors, Inc. (Investors) was made an additional party defendant on 25 October 1966. By way of amendment to its complaint, plaintiff alleged that Investors had erected on the plaintiff's alleyway, without plaintiff's consent, a large concrete structure which obstructed the alleyway.

Pursuant to appropriate order, dated 23 August 1967, plaintiff further amended its complaint alleging additional dumping of dirt and debris on its alleyway by one Sutcliffe at the direction of Bates; that the additional obstruction by Bates constituted an "in-tentional, malicious, willful and wanton disregard of rights of plain-

tiff" by Bates and asked that plaintiff be awarded $25,000 punitive damages.

The cause was tried before a jury which rendered verdict in favor of plaintiff against Bates for $10,000 actual and $2,000 punitive damages, and a verdict of $1.00 actual damages against Investors. Judgments of nonsuit were entered as to defendants Reynolds and Ray and on Bates' counterclaim against plaintiff.

From judgment ordering Bates to pay plaintiff $12,000 and ordering Bates and Investors to remove obstructions on the alleyway, Bates appealed.

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter, attorneys for plaintiff appellee.*

*Hayes & Hayes by W. Warren Sparrow, Attorneys for defendant appellant Bates.*

BRITT, J. Although appellant noted more than fifty exceptions in the trial of this case, his counsel has appropriately brought forward in his brief only the assignments of error on which he relies in this Court. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Court of Appeals Rule 28.

In his brief, appellant's counsel presents his assignments of error in the form of six questions. We will discuss each of them.

(1) "In a trespass action, is evidence of plans to construct a building at some unspecified future date competent to prove damages to land?"

Well-recognized principles of law in trespass cases are succinctly set forth by Barnhill, J. (later C.J.), in *Lee v. Stewart*, 218 N.C. 287, 10 S.E. 2d 804. "An invasion of the close of another . . . constitutes a trespass. * * * Where a trespass is shown the party aggrieved is entitled at least to nominal damages. * * *" In an action in trespass, "the defendant is liable for all damages which proximately resulted from his illegal act. In law he is required to contemplate all damages which proximately resulted from his wrongful act whether or not produced intentionally or through negligence. 'It is wholly immaterial whether the defendant in committing the trespass actually contemplated this, or any other species of damage, to the plaintiff.' *Johnson v. R. R.*, 140 N.C. 574." The evidence complained of in the assignments of error under this question related primarily to the testimony of Mrs. Vinni Frederick, president of plaintiff corporation, and of R. B. Deal, president of R. B. Deal Construction Company.

Through their testimony, plaintiff sought to prove that in 1963 and about the time appellant began his alleged trespassing on plaintiff's property, plaintiff had plans to construct a building on its lot as a home for its dance school but delayed its plans because of the trespassing. Plaintiff had submitted the plans for the building to several contractors, and Deal was the low bidder.

Appellant's counsel objected to several questions asked Mrs. Frederick and Mr. Deal relating to the plans and Mr. Deal's low bid. However, the record discloses that without objection Mrs. Frederick testified that she accepted a low bid from Deal; and Deal testified without objection that on 11 June 1963, he submitted a bid to plaintiff for the proposed building, that he was ready to begin work, that his bid was $50,987, and that due to the increase in cost of labor and materials, the same building on the date of the trial would cost $10,710 more.

The well-established rule is that when evidence is admitted over objection, but the same evidence has been theretofore or is thereafter admitted without objection, the benefit of the objection is ordinarily lost. Stansbury, N. C. Evidence 2d, § 30, citing *Shelton v. R. R.*, 193 N.C. 670, 139 S.E. 232. See also *Smith v. Simpson*, 260 N.C. 601, 133 S.E. 2d 474.

The assignments of error relating to the first question are overruled.

(2) "Is the testimony concerning a telephone conversation between plaintiff and defendant incompetent and prejudicial to defendant where the statement of plaintiff's witness is: 'He (defendant) spoke of it in such a manner as to be insulting to me personally?' "

We have carefully considered the transcript of testimony relative to the statement complained of and the context in which it was used. The statement was not responsive to a question submitted to Mrs. Frederick but was a voluntary addition to an answer given by her. We do not consider the statement sufficiently prejudicial to warrant a new trial; therefore, the assignment of error relating to it is overruled.

(3) "Is a statement by plaintiff, 'at the time my husband was alive, and he said that he did not want me to talk to Mr. Bates again,' incompetent and prejudicial to defendant?"

Again, we have carefully considered the transcript of evidence as it relates to this statement made by Mrs. Frederick on redirect examination. Considering the context in which it was made, we do not consider it sufficiently prejudicial to warrant a new trial.

(4) "May letters exchanged between counsel for plaintiff and

counsel for co-defendant be read to the jury by plaintiff's counsel without foundation for their introduction or without any witnesses testifying as to their genuineness or as to the context in which they were exchanged?"

The copies of letters complained of were introduced by plaintiff against Investors and related entirely to plaintiff's action against Investors. Appellant's counsel objected to their introduction, and the trial judge sustained the objection as to Bates and instructed the jury not to consider the letters as against Bates. Because of the clear instruction by the trial judge, we hold that this assignment of error on the part of Bates is without merit.

(5) "Where the evidence is: (a) dirt and debris were dumped by mistake on plaintiff's land; and (b) plaintiff would not permit it to be removed immediately after the mistake had been discovered; is a judgment for punitive damages improper?"

Plaintiff instituted this action on 10 May 1965. The evidence complained of under this question was given by Mr. Sutcliffe to the effect that some time in June, 1967, appellant saw him at the American Oil Station at the corner of Miller and Cloverdale Streets (obviously in sight of the alleyway in question) and asked Mr. Sutcliffe to dump some surface dirt and broken pieces of concrete "on his property." The witness testified: "We were standing down at the American Station and we didn't bother to walk up there, but he pointed up the hill, off his pavement." Other testimony was introduced to show that appellant's lot was paved up to the edge of the alleyway, and Mr. Sutcliffe testified that he dumped the dirt and concrete at the place where "I thought he told me to go." While he was dumping the second load, Mrs. Frederick approached him and he did not dump any further dirt or concrete on the alleyway.

Following this occurrence, plaintiff amended its complaint asking for punitive damages. The evidence introduced was sufficient to support the allegation. "In looking into the books we find the rule in this action to be that the jury are not restricted in their assessment of damages to the amount of the mere pecuniary loss sustained by the plaintiff, but may award damages in respect to the malicious conduct of the defendant and the decree *(sic)* of insult with which the trespass was committed. The plaintiff is at liberty to give in evidence the circumstances which accompany and give character to the trespass." Connor, J., in *Brame v. Clark*, 148 N.C. 364, 62 S.E. 418.

"If a plaintiff would recover compensatory damages for a trespass to realty, he must allege facts showing actual damage; and if he would recover punitive damages for such a trespass, he must

allege circumstances of aggravation authorizing punitive damages." Ervin, J., in *Matthews v. Forrest*, 235 N.C. 281, 69 S.E. 2d 553.

(6) "Is a judgment to compel defendant to remove obstructions from an alley that extends beyond the plaintiff's boundary improper in an action for trespass to land where the evidence discloses that the alley has never been open for vehicular traffic and could not be opened without changing the natural slope of the earth by considerable excavation?"

Section (9) of the judgment provides: "That the defendant J. T. Bates shall remove all dirt, stones, concrete slabs, tree trunks, and other obstructions from the 20-foot alleyway extending from the eastern edge of the plaintiff's property westwardly to Miller Street, said removal to be fully completed within sixty (60) days from the date of this Judgment."

We hold that this section of the judgment is fully warranted under the pleadings, evidence, and issues answered by the jury. Plaintiff's rights in the alleyway extending westwardly from her property to Miller Street were established. We do not construe section (9) of the judgment to require that appellant perform any excavating of the natural earth, only that he remove obstructions therefrom. Under section (12) of the judgment, the Superior Court retained jurisdiction of the cause for such orders as may be necessary to enforce compliance with the judgment; in the event of disagreement as to details of the removal of obstructions, the Superior Court, upon motion in the cause, is available to settle the dispute.

We have carefully considered the assignments of error brought forward in, and the questions raised by, appellant's brief and find no prejudicial error. The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.