SOUTHLAND EQUIPMENT COMPANY v. LEROY HOOKS, D/B/A HOOKS SALVAGE COMPANY

No. 7026DC188

(Filed 6 May 1970)

**Appeal and Error § 30— admission of evidence — waiver of exception**

> Ordinarily, an exception to the admission of evidence is waived when evidence of the same import is theretofore or thereafter admitted without objection.

APPEAL by plaintiff from *Arbuckle, District Court Judge,* 24 November 1969 Session of the District Court held in MECKLENBURG County.

Plaintiff instituted this action against the defendant to recover the sum of $888.81 on an open account. The defendant filed an answer and counterclaim for $3,500 for breach of contract in the sale of a tractor by plaintiff to defendant. Trial by jury was waived by the parties.

After hearing the evidence of both plaintiff and defendant, the court made certain findings of fact and entered a judgment that the plaintiff have and recover of the defendant the sum of $16.78 with interest thereon from 9 October 1967 and the costs of the action to be taxed by the clerk. It was further ordered, adjudged and decreed that the defendant recover nothing on his counterclaim. From the judgment entered, the plaintiff appealed to the Court of Appeals.

*Welling, Miller, Gertzman & Goldfarb by Charles M. Welling and Alfred F. Welling, Jr., for plaintiff appellant.*

*Ray Rankin for defendant appellee.*

MALLARD, C.J.

Plaintiff in its brief asserts that the trial court committed error for that there was insufficient competent evidence to support the findings of fact by the trial court; that the facts found do not support the conclusions of law reached by the trial court; and that the judgment of the trial court was based on incorrect conclusions of law.

Plaintiff objected to the admission of certain evidence. Ordinarily, an exception to the admission of evidence is waived when evidence of the same import is theretofore or thereafter admitted without objection. *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969); *Jones v. Bailey,* 246 N.C. 599, 99 S.E. 2d 768 (1957). By failing to object when evidence of the same import was thereafter admitted,

the plaintiff waived its exception to the admission thereof. *Academy of Dance Arts v. Bates,* 1 N.C. App. 333, 161 S.E. 2d 762 (1968); 1 Strong, N.C. Index 2d, Appeal and Error, § 30. Also in 1 Strong, N.C. Index 2d, Appeal and Error, § 30, the rule with respect to the competency of evidence when no objection is made to its admission is stated as follows:

"The competency of evidence is not presented where there is no objection or exception to its admission, and evidence admitted without objection is properly considered by the court, in determining the sufficiency of the evidence, and by the jury, in determining the issue, even though the evidence is incompetent and should have been excluded had objection been made."

Applying the foregoing rule and after carefully considering all the competent evidence in the record, we are of the opinion and so hold that the evidence was sufficient to support the findings of fact by the trial court; that the facts found support the conclusions of law reached by the trial court; and that the judgment of the trial court was based on correct conclusions of law from the facts so found.

In the trial we find no error.

No error.

MORRIS and VAUGHN, JJ., concur.