## RALPH FRAZIER ET UX v. SUBURBAN RULANE GAS COMPANY, INCORPORATED.

(Filed 4 June, 1958.)

**Appeal and Error § 51—**

        Both competent and incompetent evidence must be considered on appeal in determining the sufficiency of the evidence to overrule nonsuit.

Petition by defendant to rehear the above-entitled cause which was decided by this Court on November 27, 1957, and is reported in 247 N.C. 256, 100 S.E. 2d 501.

The petition was allowed and briefs were invited on two questions: (1) In answering a hypothetical question, did the expert witness base his opinion upon assumed facts not in evidence? (2) If such evidence should be held to be incompetent or without probative value, is there enough evidence left to carry the case to the jury?

*Larry S. Moore for defendant, petitioner.*
*Max F. Ferree, W. L. Osteen, W. H. McElwee for plaintiff, respondent.*

PER CURIAM. The defendant appellant's brief in the original hearing contained the following: "No evidence was offered by the defendant . . . and the defendant appealed, seeking a reversal of the court below in submitting the case to the jury. . . . The appellant only appeals on the correctness of the court's ruling in submission of this case to the jury and is not seeking a new trial."

The plaintiff's evidence elicited by hypothetical question and answer was fully discussed in the original opinion. If the defendant's exception to the question and answer were valid they would entitle it not to a reversal, but to a new trial which its attorney of record says it does not want.

This Court has said many times over that on motion for nonsuit all the evidence in the case, both competent and incompetent, must be considered and given weight for reasons stated in *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919, and the many cases there cited. After due consideration, no reason appears why the former decision should be disturbed. The defendant will pay the costs.

Petition Dismissed.