CARLOS A. REYNOLDS v. JAMES ROY HAYES and JACKIE DEAN HAYES, ORIGINAL DEFENDANTS; AND S. W. MILLER, ADDITIONAL DEFENDANT.

(Filed 18 April, 1962.)

APPEAL by defendant Jackie Dean Hayes from *Armstrong, J.,* at October-November 1961 Term of WILKES.

Plaintiff instituted this civil action against defendants James Roy Hayes and Jackie Dean Hayes to recover for personal injuries which he sustained while riding as a passenger in the automobile owned by James Roy Hayes and operated by his son, Jackie Dean Hayes, when it was in a collision with a patrol car operated by the additional defendant State Highway Patrolman S. W. Miller.

Plaintiff alleged that his injuries resulted proximately from the negligence of Jackie Dean Hayes; that the automobile was owned and maintained by James Roy Hayes as a family-purpose automobile and was being operated at the time by his minor son within the scope of that purpose. The defendants denied these allegations, alleged that the collision was caused solely by the negligence of S. W. Miller, and filed a cross-action for contribution against Miller in the event plaintiff should recover from either of them.

Evidence for the plaintiff and the additional defendant Miller tended to show that about midnight on 16 December 1960, plaintiff was a passenger in the automobile of James Roy Hayes which was being driven by his son, the defendant Jackie Dean Hayes, in an easterly direction down hill on Second Street in the town of North Wilkesboro; that at the bottom of the hill Second Street entered B Street or Main Street, which runs approximately north and south, to form a "T" intersection; that Second Street enters Main Street on a deep curve going south. This curve is referred to in the evidence as a "90 degree angle". For traffic going south after entering Main Street from Second Street the curve is banked to the left and the right-hand portion is lower than the left-hand portion. Traffic islands in the intersection separate the lanes of traffic. Main Street is a 2-lane street, for traffic going north and south. In the northwest curve of the intersection there is located the Super Service filling station. Patrolman Miller, after having had his gas tank filled at the north pump near the intersection of Main and Second Streets, pulled around the south pump at the western edge of Main Street and seeing nobody coming pulled into the street, crossed the center line and headed northeast on Main Street. At this point his car was struck in the left center by the Hayes car. According to Miller he was crossing the center line of Main Street when he first saw the Hayes car which was then between the two islands in the intersection, and from 150 to 175 feet away. Plaintiff's evidence further tends to show that defendant Jackie Dean Hayes entered the intersection at 70 miles per hour; that he lost control of the car as he attempted to traverse the curve to the south and collided with the Miller car when his car slid to the left in the wrong lane beyond the island; that the collision knocked the patrol car some distance and inflicted injury upon the plaintiff.

The defendants' evidence tends to show that the defendant Jackie Dean Hayes was married and maintained his own home and automobile; that he had borrowed his father's personal automobile while his own car was being repaired; that he approached the intersection at the rate of 35 to 40 miles per hour; that when he got to the bottom of the hill, and as he was entering the intersection, he noticed the

patrol car leaving the gas pump of the Super Service filling station; that the car had no lights on and pulled out into Main Street directly into the path of the Hayes car as it approached; that the sudden application of his brakes pulled him to the left causing the front of his car to collide with the left side of the patrol car which was then directly across the road.

The jury found that the plaintiff was injured by the negligence of Jackie Dean Hayes, exonerated the additional defendant Miller and James Roy Hayes from any liability, and awarded damages against Jackie Dean Hayes alone.

*Ralph Davis for plaintiff appellee.*
*McElwee & Hall, Larry S. Moore for cross defendant appellee.*
*W. G. Mitchell, Kurt R. Conner for defendant Jackie Dean Hayes, appellant.*

PER CURIAM. There was ample evidence to withstand the motion of defendant Jackie Dean Hayes for judgment as of nonsuit. The jury, upon competent evidence and proper instructions, found that the negligence of Jackie Dean Hayes was the sole proximate cause of the collision and the resulting injury to the plaintiff. No prejudicial error appears.

However, this Court had difficulty in visualizing the intersection and area involved in this collision. No diagram, map, or reproduction of the blackboard drawing used to illustrate the testimony of the witnesses in the trial below accompanied the case on appeal. The witnesses had varying ideas of the directions. What was south to the plaintiff was east to some of the witnesses. Without the diagram to which the witness referred, statements in the record that the point of impact or debris was "right along in here" are unintelligible. We suggest to counsel that their interest and ours will be better served if appropriate diagrams in cases such as this accompany the case on appeal.

In the trial below we find
No error.