GLEN W. McGINNIS v.
CATHERINE ROBINSON and HAROLD McGHEE.

(Filed 12 December 1962.)

**1. Automobiles § 37;   Evidence § 35—**

   The opinion of an officer as to which occupant of the vehicle was driving at the time of the accident, which opinion is based upon his investigation some time after the occurrence of the accident, is in-competent, and therefore a warrant sworn out by the officer charging a particular occupant with reckless driving on the occasion is likewise incompetent and may not be introduced in evidence under the guise of impeaching the credibility of the officer as a witness when the state-ment in the warrant does not tend to contradict any previous testimony of the officer.

**2. Appeal and Error § 41;   Evidence § 56—**

   The rule that a party waives his objection to the admission of evi-dence when he thereafter introduces evidence of like import does not preclude a party from cross-examining the witness in regard to the matter objected to in an attempt to explain or destroy the probative value of the evidence objected to, or even contradicting it with other evidence.

**3. Automobiles § 35;    Evidence § 55—**

Evidence or testimony of one witness which is entirely incompetent because it consists of an opinion of the witness as to matters of which the witness had no personal knowledge, may not be admitted under the guise that it was corroborative of the testimony of another witness.

**4. Automobiles § 35;    Evidence §§ 19, 56—**

In this action to recover for injuries sustained in an automobile accident, one of the critical questions was the identity of the driver of one of the cars. *Held:* An indictment found by the grand jury charging one of the occupants on the date in question with assault with an automobile is incompetent and cannot be admitted under the guise of impeaching evidence when there is no showing that the indictment impeached the testimony of the witness.

**5. Automobiles § 41d—**

Allegations and evidence on counterclaim of one defendant that plaintiff drove his vehicle to his left of the center of a highway and collided head-on with the vehicle in which the defendant asserting the counterclaim was riding, which vehicle was then on its right of the center line of the highway, *is held* sufficient to take such defendant's counterclaim to the jury. G.S. 20-148.

Appeal by plaintiff and appeal by defendant Robinson from *Clark (Heman R.), J.,* March 1962 Civil Term of Vance.

Civil action to recover damages for personal injuries, for damage to his automobile, and for loss of his wife's services, allegedly caused by the actionable negligence of the defendant Catherine Robinson in operating an automobile with the consent and approval of the owner, the defendant Harold McGhee.

Plaintiff alleged in his complaint in substance: About 9:15 p.m. on 10 October 1953 he was operating his 1949 Ford automobile in an easterly direction and in a lawful manner on Northwest Boulevard in Vance County. His wife and another woman were passengers therein. At the same time the defendant Catherine Robinson was operating a 1952 Mercury automobile owned by the defendant Harold McGhee and with his consent and approval, he being a passenger on the front seat, in a westerly direction on the same Boulevard. The collision and his personal injuries and damages were proximately caused by the negligence of the operator of the Mercury automobile, Catherine Robinson, in that she, in an attempt to overtake and pass an automobile traveling ahead of her, suddenly swerved to the left into her left-hand lane of traffic and into his lane of traffic so quickly he had no opportunity to avoid a collision, which occurred immediately. He alleges that Catherine Robinson was negligent in operating the Mercury automobile while under the influence of intoxicating liquor, in failing

to keep a proper lookout, at an excessive speed, and in attempting to pass an automobile preceding her when it could not be done in safety.

Defendants filed separate answers. Defendant Robinson's answer consists of a general denial of the essential allegations of the complaint, except it admits that plaintiff was operating a Ford automobile at the time easterly on Northwest Boulevard or Highway #158 and that he was injured and his automobile damaged in the collision. In addition her answer avers that defendant McGhee, the owner of the Mercury automobile, was operating it at the time, and she was a passenger therein and had no control of its operation. Catherine Robinson's answer contains a counterclaim for damages for personal injuries in which she alleges the collision and her personal injuries were proximately caused by the negligence of plaintiff, in that he operated his automobile on his left-hand side of the center line on the highway at a high and dangerous rate of speed and without keeping a proper lookout and while racing another automobile, and as a result thereof ran into the automobile in which she was riding. Defendant McGhee's answer consists of a general denial of the essential allegations of the complaint. His answer contains a counterclaim for damages to his automobile, in which he avers that he was the owner of the Mercury automobile and was its operator at the time of the collision, and that the collision and damages to his automobile were proximately caused by the negligence of plaintiff in the operation of his automobile in the same respect as alleged in defendant Robinson's counterclaim.

Plaintiff filed separate replies to the counterclaims of the defendants consisting of a general denial of the essential allegations.

At the trial plaintiff took a voluntary nonsuit as to defendant McGhee, and was allowed by the trial court to amend his complaint by eliminating therefrom all allegations relating to defendant McGhee and by including therein his wife's medical expenses.

At the close of all the evidence the court, upon motion of plaintiff, entered a judgment of compulsory nonsuit as to the counterclaims of both defendants.

Two issues were submitted to the jury, which found by its verdict that plaintiff was not injured by the negligence of defendant Catherine Robinson as alleged in the complaint, and consequently did not get to the damage issue.

From a judgment that plaintiff take nothing by his action and taxing him with the costs, he appeals.

From the judgment of compulsory nonsuit of her counterclaim, defendant Catherine Robinson appeals. Defendant McGhee does not appeal.

*George T. Blackburn, John H. Kerr, and W. Hayes Pettry for plaintiff appellant, and W. H. Taylor for plaintiff appellee.*

*Banzet & Banzet for defendant appellant, and A. A. Bunn and Hill Yarborough for defendant appellee..*

PARKER, J.

## PLAINTIFF'S APPEAL

Plaintiff's evidence tends to show:

About 9:20 p.m. on 10 October 1953 he was driving his automobile behind two automobiles ahead of him in an easterly direction and on his right side of the highway on the bypass of Highway #158 north of the town of Henderson. His speed was 45 to 50 miles an hour. The weather was clear. He was meeting two automobiles traveling in a westerly direction on the highway. The automobile behind the first automobile he was meeting started to overtake and pass the automobile ahead of it, came across the white line in the center of the highway into plaintiff's lane of traffic, and crashed head-on into plaintiff's automobile. Plaintiff was knocked unconscious in the collision, and remained in such condition two days. His wife and another woman were passengers in his automobile and were also injured. After the collision plaintiff's automobile was on his right side of the road, and a Mercury automobile that collided with it was four to six inches across the center line in the road to its left and in plaintiff's lane of traffic. The front parts of the automobiles were together. Immediately after the collision defendant Robinson was partially under the steering wheel of the Mercury, leaning to the right with her head dropped over as if dead. Defendant McGhee, the owner of the Mercury, was sitting on the front seat to her right with his head bleeding and partially unconscious. Defendant Robinson's husband and defendant McGhee's wife were slumped down in the back seat and on the floor. A day or two after the collision an officer asked defendant McGhee who was driving the Mercury at the time of the collision, and he said, "Who was on the front seat with me?"

D. M. Pendleton, a police officer of the town of Henderson, went to the scene of the collision in a brief time after it occurred to make an investigation. When he arrived about 9:15 p.m., according to his testimony, the automobiles were head-on against each other on the highway. He testified in detail as to the position of the automobiles on the highway, as to skidmarks and debris on the highway, and as to the condition of the Mercury. Two or three days after the collision Pendleton had a conversation with defendant Robinson in a room in a hospital in Henderson. We summarize its substance, except when quoted: He told her he was an officer investigating the collision and

wanted some information to complete his investigation. She said she could not tell him anything because she had been told not to tell anything. He asked her who was driving the Mercury, and she replied she didn't know, defendant Harold McGhee and she were in the front seat, and his wife and her husband were on the back seat; they had had a few drinks at her home and were en route to a dance at Creedmoor. Pendleton was then cross-examined by a defense counsel, who elicited from him testimony to the effect defendant Robinson told him she could not tell who was driving the Mercury, she was not driving, and that "she did not have an operator's license and did not know how to drive." (Defendant Robinson later testifying in her behalf said: "I had an operator's license at that time and had been driving an automobile ever since I was sixteeen years of age. I did not have a conversation with Mr. Pendleton about my driver's license.") Pendleton then testified: "I signed that paper before some officer and swore to it." Defendant's counsel asked Pendleton to read this paper to the jury, which was identified as Defendant's Exhibit H. Plaintiff objected to the reading of the paper to the jury, was overruled, and excepted. The paper read to the jury was a warrant sworn out in the Recorder's Court of Vance County by Pendleton on 12 October 1953 charging defendant Harold McGhee on 10 October 1953 with unlawfully operating a motor vehicle on a public highway in a careless and reckless manner and damaging the automobile of G. W. McGinnis, and with feloniously assaulting G. W. McGinnis and others with a deadly weapon, to-wit, an automobile.

Plaintiff assigns as error the admission of this warrant in evidence. Defendant Robinson contends that the admission in evidence of this warrant was proper on two grounds: First. To impeach the testimony of Pendleton because he had made a prior inconsistent statement in the warrant. And Second. That it corroborated defendant's evidence later given that McGhee was driving the Mercury.

All the evidence shows Pendleton of his own knowledge did not know who was driving the Mercury. This was a disputed crucial question in the case. The sworn statement of Pendleton in the warrant that McGhee was driving the Mercury was the statement of a guess, or opinion, or conclusion resulting from his investigation which he would not have been permitted to state as a witness, and which would have been a clear invasion of the province of the jury, if he had been permitted to state it. Prior inconsistent statements of a witness are admissible for the purpose of attacking his credibility as a witness. S. v. Cope, 240 N.C. 244, 81 S.E. 2d 773; 98 C.J.S., Witnesses, sec. 573. However, when the warrant here was introduced in evidence, Pendleton had not testified as to who was driving the Mercury, and the statement in the warrant of his guess, or opinion, or conclusion as to who was

driving the Mercury was not inconsistent with, and did not contradict, anything he had previously testified to.

But defendant Robinson contends in her brief that when plaintiff's counsel re-examined Pendleton after the warrant was read in evidence in respect to the circumstances under which he swore out the warrant, Pendleton testified that as a result of his investigation he found out defendant McGhee was not the driver of the Mercury, and if the admission of the warrant was error at the time it was admitted, it was cured as a result of Pendleton's testimony on re-direct examination. This contention is untenable. It is to be noted that the defendant objected to the introduction of this evidence given by Pendleton on re-examination, and then moved that it be stricken, which was denied.

*Jones v. Bailey*, 246 N.C. 599, 99 S.E. 2d 768, was an action for damages arising from an automobile collision. Plaintiff, over defendant's objection, was permitted to testify that after the accident he heard an officer, in response to an inquiry by defendant, tell her she did not have the right of way. This Court held the evidence was inadmissible as hearsay, and also as a declaration of an opinion or conclusion, which the officer could not have given in evidence. Later defendant went on the stand and denied she made an inquiry of the officer as to whether or not she had the right of way, and the officer testified he had no recollection of saying anything at the hospital to defendant. Plaintiff contended this testimony made plaintiff's testimony competent for the purpose of contradicting or impeaching the testimony of defendant and her witness, citing *Hopkins v. Colonial Stores*, 224 N.C. 137, 29 S.E. 2d 455. The Court in awarding a new trial said:

> "We do not concur in this view. Moreover, any statement in the opinion of *Hopkins v. Colonial Stores, supra,* that may be inferred to be in conflict with this opinion, on this particular point, is disapproved. It is the well established rule with us that when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost, but as stated by Brogden, J., in *Shelton v. R.R.,* 193 N.C. 670, 139 S.E. 232: 'The rule does not mean that the adverse party may not, on cross-examination, explain the evidence, or destroy its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception.' *S. v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; *S. v. Tew,* 234 N.C. 612, 68 S.E. 2d 291."

Defendant Robinson in her brief has favored us with no citation of authority that the warrant introduced in evidence by defendants for

the purpose of impeaching the officer Pendleton on the ground of a prior inconsistent statement is competent to corroborate defendants' evidence later given that defendant McGhee was driving the Mercury. "In no aspect of the law of evidence can contradictory evidence be used as corroborating, strengthening or confirming evidence." *S. v. Lassiter*, 191 N.C. 210, 131 S.E. 577. Certainly, Pendleton's guess, or opinion, or conclusion derived from his investigation that Harold McGhee was driving the Mercury, as set forth in the warrant, is incompetent, and cannot be used to corroborate defendants' evidence that McGhee was driving the Mercury.

The reading of the warrant in evidence was prejudicial error. Later when defendants were introducing evidence, they were permitted by the court over plaintiff's objection and exception to introduce this warrant in evidence. Plaintiff assigns this as error. This assignment of error is good.

Plaintiff assigns as error the introduction in evidence, over his objection and exception, of an indictment found by the grand jury at the September 1954 Term of the superior court of Vance County charging defendant Harold McGhee on 10 October 1953 with feloniously assaulting Catherine Robinson with a deadly weapon, to-wit, an automobile. This assignment of error is good. Defendant Robinson has favored us with no citation of authority showing how this indictment impeaches the testimony of the witness Pendleton. We cannot conceive of how it does.

For prejudicial error in the admission of incompetent evidence, plaintiff is entitled to a new trial, and it is so ordered.

New trial.

In 252 N.C. 574, 114 S.E. 2d 365, will be found a case of plaintiff's wife against these same defendants, wherein she sought to recover damages for personal injuries growing out of the collision here. In that case, on defendants' appeal, a new trial was ordered for error in the charge.

## DEFENDANT ROBINSON'S APPEAL

Defendant Robinson assigns as error the court's allowing, at the close of all the evidence, plaintiff's motion for a judgment of compulsory nonsuit of her counterclaim and entering a judgment to that effect.

Plaintiff's evidence not in conflict with defendants' evidence and defendants' evidence, when considered in the light most favorable to defendant Robinson, tends to show:

About 9:15 p.m. on 10 October 1953 she was riding as a passenger on the front seat of a Mercury automobile owned and driven by Harold McGhee and traveling in a westerly direction on the Henderson by-pass of Highway #158. Immediately preceding the McGhee automobile was an automobile occupied by a Mr. and Mrs. Nelson Boyd. McGhee pulled into his left (south) lane of traffic in an attempt to overtake and pass the Boyd automobile. Seeing an automobile approaching and meeting him driven by plaintiff, he pulled back into his right (north) lane of traffic. At this time the plaintiff McGinnis drove his 1949 Ford automobile into his left (north) lane of traffic colliding head-on with the McGhee automobile which was on its right of the center line on the highway. In the collision defendant Robinson sustained severe injuries.

G.S. 20-148 provides: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the highway as nearly as possible." The standard of care fixed for a motorist in this statute by the Legislature is absolute. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292. A violation of this statute is negligence *per se,* and if it is the proximate cause of injury, it is actionable. *Wallace v. Longest,* 226 N.C. 161, 37 S.E. 2d 112.

After a careful examination of defendants' evidence and the evidence of plaintiff not in conflict with it, we are of opinion, and so hold, that the trial court improvidently nonsuited defendant Robinson's counterclaim for personal injuries. The judgment of compulsory nonsuit of her counterclaim is

Reversed.