LAWRENCE E. KACZALA v. GEORGE GRADY RICHARDSON
v. CITY OF WILMINGTON

No. 725SC842

(Filed 13 June 1973)

**Automobiles § 46; Evidence § 41— testimony invading province of jury**

In an action to recover for personal injuries sustained in a collision between a fire truck and an automobile, testimony by a police officer that his investigation revealed that the fire truck ran through a red light invaded the province of the jury and constituted prejudicial error.

APPEAL by plaintiff and third party defendant from *Wells, Judge,* 12 June 1972 Session of NEW HANOVER Superior Court.

Plaintiff instituted this action seeking to recover for personal injuries sustained by him in a collision between a fire truck and an automobile on 26 December 1970 at the intersection of North Fourth Street and Chestnut Street in the City of Wilmington.

In his pleadings, plaintiff alleged in pertinent part as follows: On said date he was employed as a fireman by the City of Wilmington. Around 5:25 p.m., he was operating a fire truck belonging to said city in a northerly direction on North Fourth Street. As the fire truck approached the intersection with Chestnut Street, its flashing or revolving red light was burning and its siren was emitting a loud wailing sound. As plaintiff attempted to drive the fire truck through said intersection on a green light, defendant Richardson, who was operating an automobile west on Chestnut Street, negligently drove into the intersection on a light that was red to traffic on Chestnut Street, crashed into the fire truck and caused it to overturn, resulting in serious personal injuries to plaintiff.

In his answer, defendant Richardson denied any negligence on his part, alleged that he had the green light and pleaded contributory negligence on the part of plaintiff. He further pleaded a third party action against the City of Wilmington, asking for recovery for damages to his property and injury to his person.

Defendant city filed answer to the third party action and alleged a cross action against defendant Richardson for damages to the fire truck.

At trial the parties presented evidence in support of their respective allegations. Eight issues covering the three claims were submitted to the jury who answered the issues of defendant Richardson's negligence and plaintiff's contributory negligence in the affirmative. From judgment allowing no recovery by any party and dismissing the actions, plaintiff and defendant city appealed.

*Smith & Spivey by Jerry L. Spivey for plaintiff appellant.*

*Yow & Yow by Cicero P. Yow for third party defendant appellant.*

*Carlton S. Prickett, Jr., and Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellee.*

BRITT, Judge.

Appellants assign as errors the court's allowing a police officer to testify over objection that his investigation revealed that the fire truck ran through a red light, and the court's recapitulation of that evidence in its charge to the jury. The assignments of error are sustained.

The officer in question was presented as a witness by plaintiff. The record pertaining to his cross-examination reveals:

"Q. As a result of your conversation or your investigation, did your investigation reveal that the fire truck had run through the red light?

OBJECTION. OVERRULED. EXCEPTION.

EXCEPTION No. 11.

A. Yes, sir. At this time it did."

The record further reveals that the court in its jury charge in recapitulating the evidence of Officer Brown stated "and on cross-examination he said on the report he stated that the fire truck had run a red light."

While appellants do not cite, and our research does not disclose, authorities that are directly in point with the instant case, we think proper analogy can be drawn from numerous opinions of our State Supreme Court.

In *Jones v. Bailey*, 246 N.C. 599, 99 S.E. 2d 768 (1957), a case involving a collision between two automobiles at a street intersection, testimony of a witness to a declaration made by an officer in a conversation with defendant at the hospital some time after the accident to the effect that the officer said de-

---

---

fendant did not have the right of way at the intersection was held to be incompetent, entitling defendant to a new trial. The court declared that the evidence was inadmissible on two grounds: "In the first place, it was hearsay evidence to the extent that its value or truthfulness depended in part upon the veracity and competency of some other person. * * * In the second place, the purported statement of the officer was inadmissible because it was a declaration of an opinion or conclusion which he would not have been permitted to state as a witness. (Citation.) We think this evidence clearly invaded the province of the jury."

In *McGinnis v. Robinson*, 258 N.C. 264, 128 S.E. 2d 608 (1962), the court declared inadmissible in evidence the opinion of an officer as to which occupant of the vehicle was driving at the time of the accident, the opinion being based upon the officer's investigation following the accident.

In several cases the Supreme Court has held that while it is competent for an investigating officer to testify as to the condition and position of the vehicles and other physical facts observed by him at the scene of an accident, his testimony as to his conclusions from these facts is incompetent. See *Farrow v. Baugham*, 266 N.C. 739, 147 S.E. 2d 167 (1966); *Shaw v. Sylvester*, 253 N.C. 176, 116 S.E. 2d 351 (1960); 1 Strong, N. C. Index 2d, Automobiles, § 46, pp. 469-472.

We find unconvincing appellee's argument that even if the testimony was incompetent, it was not prejudicial. Evidence as to who had the green light at the intersection was in sharp conflict. In all probability the most crucial question for the jury in determining who was at fault was a determination as to who had the green light and it is conceded generally that the testimony of a police officer has considerable weight. By stating that his investigation revealed that the fire truck ran through the red light, the officer stated an opinion or conclusion which invaded the province of the jury.

We deem it unnecessary to discuss the other assignments of error brought forward in appellants' brief as the points raised may not occur upon a retrial of this action.

For the reasons stated, appellants are awarded a

New trial.

Judges MORRIS and PARKER concur.