LAWRENCE E. KACZALA v. GEORGE GRADY RICHARDSON v. CITY OF WILMINGTON

No. 755SC210

(Filed 18 June 1975)

Appeal and Error § 62— appeal by plaintiff — new trial — defendant's counterclaim

> Where the jury at the first trial found defendant negligent and plaintiff contributorily negligent, plaintiff's claim and defendant's counterclaim were dismissed, plaintiff appealed and the Court of Appeals awarded plaintiff a new trial, the Court of Appeals did not intend to grant a partial new trial limited to plaintiff's claim but intended to grant a new trial on all issues, including defendant's counterclaim.

Judge BRITT dissenting.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 27 December 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 May 1975.

Plaintiff instituted this action against defendant Richardson seeking to recover damages for personal injuries sustained by him while operating a fire truck for the City of Wilmington when it collided at an intersection with an automobile operated by Richardson. Richardson answered, denied negligence, alleged that plaintiff was contributorily negligent and asserted a counterclaim against plaintiff Kaczala and a third party complaint against Kaczala's employer, the City of Wilmington.

At trial, eight issues were submitted to the jury. Only two were reached. The jury found defendant negligent and plaintiff contributorily negligent. Judgment was entered dismissing the action.

Plaintiff appealed. This court awarded a new trial because the court allowed a police officer, called by plaintiff, to state on cross-examination that his investigation revealed that the fire truck had run through a red light. The opinion in that case on appeal is reported at 18 N.C. App. 446, 197 S.E. 2d 21.

When the case was tried the second time the jury found that defendant Richardson was not negligent, that plaintiff Kaczala was negligent and awarded defendant Richardson damages on his counterclaim.

Prior to the call of the case for the second trial plaintiff and the City had moved that the trial be limited to the trial of plaintiff Kaczala's action against defendant. The motion was made on the grounds that the counterclaim and cross action had been finally determined adversely to defendant Richardson at the first trial from which Richardson did not appeal. The judge delayed ruling on the motion. Upon the coming in of the verdict in defendant Richardson's favor, the judge declined to enter judgment thereon and, in effect, allowed plaintiff's motion. Judgment was entered decreeing that neither party recover from the other. From the entry of that judgment defendant Richardson appealed.

*Smith & Spivey, by Vaiden P. Kendrick, for plaintiff appellee, and Yow & Yow, by Cicero P. Yow, for third party defendant appellee.*

*Prickett & Scott, by Carlton S. Prickett, Jr., and Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellant.*

VAUGHN, Judge.

In their brief appellees state that the question now before this court is whether, on the earlier appeal, the court intended to and did in fact grant plaintiff and third party defendant, appellant in that case a partial new trial—limited to appellant's claims.

The opinion of this court on that appeal concludes as follows:

"We deem it unnecessary to discuss the other assignments of error brought forward in appellants' brief as the points raised may not occur upon a retrial of this action.

For the reasons stated, appellants are awarded a

New trial." *Kaczala v. Richardson,* 18 N.C. App. 446, 448, 197 S.E. 2d 21, 23.

Although this court may, in a proper case, direct a partial new trial, we will not intentionally do so without specifically designating the issues which are to be retried. Certainly we did not intend to do so in the present case. The questions of negligence, contributory negligence and proximate cause are too closely interwoven between all the parties for us to say that the

errors discussed, as well as those assigned and not discussed, did not affect all of them. Indeed, where a jury has found plaintiff contributorily negligent, the cases will be rare when we will order a new trial on that issue without requiring reconsideration of the issue of the defendant's negligence as a proximate cause of the injury. *See Huffman v. Ingold,* 181 N.C. 426, 107 S.E. 453. If defendant is to be entitled to have the question of his negligence determined at the new trial, then the questions arising on his counterclaim cannot be said to have been finally determined against him.

As the Supreme Court has said:

"We think the Court erred in thus restricting the new trial. Our order, as we have said, was general in its terms, and extended to all the matters involved in the case. We were not asked to limit the new trial to any particular question, and did not do so. This Court, upon application, can grant a general or a partial new trial, as it may see fit under all the circumstances; but when a new trial is granted, nothing more being said, it means a new trial of the whole case—of all the issues, and not merely of one of them. . . ." *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164.

Our order for a new trial on the earlier appeal vacated the verdict on both issues answered by the jury.

For the reasons stated the judgment is reversed and the case is remanded for entry of judgment in conformity with the verdict returned by the jury.

Reversed and remanded.

Judge PARKER concurs.

Judge BRITT dissents.

Judge BRITT dissenting: I respectfully dissent to the majority opinion. In my view, when the pleadings were completed and the cause initially went to trial, three distinct claims were presented to the court: Plaintiff's claim against defendant Richardson; defendant Richardson's counterclaim and cross action against plaintiff and defendant city; and defendant city's counterclaim against defendant Richardson.

---

**Kaczala v. Richardson**

---

When the jury in the initial trial answered issues that plaintiff and defendant Richardson were both negligent, and the trial court entered judgment that no party should recover on his or its claim, all three parties were aggrieved and had a right to appeal to the Court of Appeals. Plaintiff and defendant city saw fit to exercise that right. Defendant Richardson, in effect, said that he was satisfied with the judgment allowing him no recovery on his claim and did not appeal. This court awarded "appellants" (plaintiff and defendant city) a new trial, and, in my opinion, that disposition granted plaintiff and defendant city a new trial on their claims but did not grant defendant Richardson a new trial on his claim.

In the 1970 Pocket Parts to McIntosh, North Carolina Practice and Procedure, § 1800, p. 119, it is said: "Ordinarily the appellate court will not render a decision which directly benefits a party who, though entitled to appeal, did not, even though this may leave the case in an awkward posture. . . ."

In 5 Am. Jur. 2d, Appeal and Error, § 707, it is said:

> While an appellee who has not cross appealed may argue in the appellate court in support of the decision appealed from, and in opposition to a claim of error in the court below raised by the appellant, it is settled that ordinarily an appellee who did not file a cross appeal is not entitled to an appellate review to obtain a decision more favorable to him than that appealed from by the other party. . . . The claim of one who took no appeal from a decision adverse to him is not before the appellate court upon appeal by another party not in privity with him, even where the other party has a practical interest in sustaining the claim of the nonappealing party. Unless the decision below is reversed in favor of the appellant, it must on appeal stand even though it is not as favorable to the appellee as the evidence would have warranted, and where the decision of the court below was in part favorable and in part unfavorable to each of the adverse parties, it can be reviewed for the benefit of each party only if each party has attacked it by either appeal or cross appeal.

*See also Gower v. Ins. Co.,* 281 N.C. 577, 189 S.E. 2d 165 (1972) ; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366 (1942) ;

and *Manufacturing Co. v. Moore,* 144 N.C. 527, 57 S.E. 213 (1907).

In my opinion, the trial judge ruled correctly in the retrial of the cause and I vote to affirm.