IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-61

No. 30A21

Filed 6 May 2022

STATE OF NORTH CAROLINA

v.

ROBERT WAYNE DELAU

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, No. COA19-1030, 2020 WL 7974281 (N.C. Ct. App. Dec. 31, 2020), vacating a judgment entered on 28 November 2018 by Judge Marvin P. Pope, Jr., in Superior Court, Buncombe County, and remanding for a new trial. Heard in the Supreme Court on 15 February 2022.

> *Joshua H. Stein, Attorney General, by Zachary K. Dunn, Assistant Attorney General, for the State-appellant.*
>
> *Joseph P. Lattimore for defendant-appellee.*

HUDSON, Justice.

Here we consider whether defendant was prejudiced by the trial court's admission of certain testimony by a police officer that we assume without deciding violated Rule 701 of the North Carolina Rules of Evidence. Because we conclude that even assuming error, defendant was not prejudiced, we reverse the decision of the Court of Appeals.

## I. Factual and Procedural Background

**A. Accident and Trial**

In the early morning hours of 15 June 2017, defendant Robert Wayne Delau was involved in a moped accident in Asheville, North Carolina. Paramedics were called to the scene and found defendant lying in the road, severely injured. Two officers from the Asheville Police Department, Henry Carssow (Officer Carssow) and Tyler Barnes (Office Barnes), also responded to the accident. The officers observed defendant lying in the road being treated by paramedics, a moped lying on its side a few feet away from defendant, and a "trail of debris" leading to a nearby stone wall that had "a deep impact . . . that was about the size of what a moped would produce." No other people or vehicles were in the immediate vicinity of the accident, and none of the pedestrians interviewed on the scene reported witnessing the wreck.

When Officer Carssow approached defendant and the paramedics, Officer Carssow smelled a strong odor of alcohol. The smell, in addition to his professional experience responding to late-night single-vehicle accidents, led Officer Carssow to initiate a Driving While Intoxicated (DWI) investigation. However, because of defendant's severe injuries, the officers were not able to conduct standard field sobriety tests at the scene. Instead, Officer Carssow applied for a search warrant to obtain a sample of defendant's blood to check his blood alcohol concentration. Officer Carssow signed the Application for Search Warrant for Bodily Fluids (warrant application) and checked a box that read, "I ascertained that the above-named

individual was operating the described vehicle at the time and place stated from the following facts[.]"–The subsequent space for further explanation, however, was left blank. Officer Carssow additionally checked the boxes indicating that defendant had previously been convicted of an offense involving impaired driving and that he had detected a strong odor of alcohol coming from defendant's breath at the scene.

¶ 4 Officer Carssow's warrant application was executed and signed by a magistrate. In accordance with the warrant, defendant's blood was drawn by a nurse at the hospital and placed into evidence at the police department. The State Crime Laboratory tested the blood sample and determined that defendant's blood alcohol concentration was 0.13. Defendant was subsequently cited for "unlawfully and willfully operating a (motor) vehicle . . . [w]hile subject to an impairing substance" under N.C.G.S. § 20-138.1.

¶ 5 Defendant's trial was held before a jury on 27 and 28 November 2018 in Superior Court, Buncombe County. As an initial matter, defendant filed a motion to suppress the blood sample evidence obtained as a result of the warrant. Defendant argued that the magistrate "erred in finding probable cause to issue the search warrant" because the information presented in Officer Carssow's affidavit "fails to reveal any information implicating the [d]efendant as the driver of the moped." The trial court denied the motion.

¶ 6 Officer Carssow testified for the State at trial. During Officer Carssow's

testimony, the following exchange took place:

> [Prosecutor]: So in a situation like this, you didn't see [defendant] driving, What circumstantial evidence did you believe you had at that time that he was, in fact, the driver of that moped?
>
> [Officer Carssow]: Correct. Pretty much starting from [defendant] wearing a helmet and having the jacket on—the riding jacket for safety—you know, safety equipment for riding a moped or motorcycle. His position next to the . . . moped. The fact that the moped was owned by him. The . . . extent of his injuries told me that I didn't believe anybody else could have been on scene. The speed at which both EMS and officers arrived on this scene which I believe prohibited—
>
> [Defense counsel]: Objection, your Honor.
>
> [The court]: Overruled.
>
> [Officer Carssow]: Prohibited, you know, too much time passing where other individuals are coming in and out where somebody else riding could have left the scene.

Following this testimony, the State moved to admit the warrant application completed by Officer Carssow into evidence. Defendant did not object. The trial court admitted the warrant application into evidence, and copies were distributed to the jury.

¶ 7 During Officer Carssow's subsequent cross-examination by defense counsel, the following exchange took place:

> [Defense counsel]: So at the point that you went to go get this warrant, you really didn't know if he had driven; correct?

[Officer Carssow]: I had not actually seen him driving. I had done it based upon circumstances.

. . . .

[Defense counsel]: And so when you were filling this out, . . . since you didn't see an individual operating the vehicle, you didn't check [Section] 2A right there? You see what I'm talking about?[1]

[Officer Carssow]: Correct.

[Defense counsel]: Instead, you checked this section on B; right?[2]

[Officer Carssow]: Mm-hmm. Yes, Ma'am.

[Defense counsel]: And this—what this says right here is that on or about this date, 1:32 AM . . . I responded to a . . . report of a vehicle crash. After arriving at the scene I ascertained that the above-named individual was operating the described vehicle at the time and place stated from the following facts, colon. You see that?

[Officer Carssow]: Yes, Ma'am.

¶ 8    After the State's presentation of evidence, defendant called two witnesses who both testified to being with defendant during the time leading up to the moped accident and that defendant had not been the driver. One witness, Damon Mobley, testified that *he* was driving the moped during the crash and that defendant was a

---

[1] Section 2A of the warrant application indicates that the officer "*observed* the above-named individual operating the above-described vehicle." (Emphasis added).

[2] Section 2B of the warrant application indicates that the officer "*ascertained* that the above-named individual was operating the described vehicle." (Emphasis added).

passenger.

¶ 9        On 28 November 2018, the jury found defendant guilty of driving while impaired under N.C.G.S. § 20-138.1. The trial court subsequently sentenced defendant to thirty-six months in the Misdemeanant Confinement Program. Defendant timely appealed.

**B.  Court of Appeals**

¶ 10        Before the North Carolina Court of Appeals, defendant raised two issues. First, defendant argued that the trial court plainly erred by denying his motion to suppress because the warrant application failed to establish probable cause for the search warrant. Second, defendant argued that the trial court erred by admitting Officer Carssow's lay witness opinion that defendant was driving the moped at the time of the accident.

¶ 11        On 31 December 2020, the Court of Appeals issued an unpublished, divided opinion in which it concluded that: (1) defendant waived his right to appellate review concerning the admission of the evidence obtained as a result of the search warrant, but (2) the trial court committed prejudicial error by admitting Officer Carssow's testimony that defendant was driving the moped at the time of the accident. Accordingly, the Court of Appeals vacated defendant's conviction and remanded the case to the trial court for a new trial. *State v. Delau*, No. COA19-1030, 2020 WL 7974281, at *6 (N.C. Ct. App. Dec. 31, 2020).

¶ 12      First, the Court of Appeals majority held that defendant waived his right to appellate review concerning the admission of the evidence obtained from the search warrant. *Delau*, 2020 WL 7974281, at *3. At trial, defendant "freely entered into a written stipulation with the State that directly referenced the evidence of his blood alcohol concentration obtained from the search warrant" and accordingly consented to the language of the stipulation. *Id.* Further, the Court of Appeals noted, defendant "made no objection to the inclusion of his blood alcohol concentration obtained as a result of the search warrant" in evidence. *Id.* Through his consent, "[d]efendant waived his right to appellate review of any error that may have resulted from the admission and stipulation of the blood alcohol concentration resulting from the search warrant." *Id.*

¶ 13      Second, the Court of Appeals majority held that the trial court committed prejudicial error by admitting Officer Carssow's testimony that defendant was driving the moped at the time of the accident. *Delau*, 2020 WL 7974281, at *5. As an initial matter, the majority determined that defendant sufficiently preserved this issue for appellate review under Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure by timely objecting to Officer Carssow's testimony regarding the factual basis as to why he believed defendant was driving. *Delau*, 2020 WL 7974281, at *3–4.

¶ 14      Next, the majority held that the trial court's admission of Officer Carssow's

testimony concluding that defendant was the driver of the moped constituted error under Rule 701 of the North Carolina Rules of Evidence, which limits lay witness testimony "to those opinions or inferences which are . . . rationally based on the perception of the witness." *Delau*, 2020 WL 7974281, at *4 (quoting N.C.G.S. § 8C01, Rule 701 (2019)). Specifically, the majority determined that "it was an abuse of discretion for Officer Carssow to testify [that] [d]efendant was the driver of the moped based on his examination of the scene because he did not personally witness the accident and was not qualified as an expert." *Delau*, 2020 WL 7974281, at *5.

¶ 15 Finally, the majority held that this error was prejudicial. *Id.* at 5. On this point, the majority reasoned that because of the "significant weight" that the jury is likely to give to the testimony of a police officer, the lack of direct evidence from the State that defendant was driving, and the contrary evidence presented by defendant, "there is a reasonable possibility . . . a different result would have been reached at the trial[.]" *Id.* (alterations in original) (quoting N.C.G.S. § 15A-1443(a) (2019)). Accordingly, the Court of Appeals majority vacated defendant's conviction and remanded the case back to the trial court for a new trial because "[d]efendant was prejudiced when the trial court abused its discretion by admitting Officer Carssow's lay opinion testimony." *Delau*, 2020 WL 7974281, at *6.

¶ 16 Judge Dillon dissented. Although the dissent came to the same conclusion as the majority on the first issue—that defendant waived his right to appellate review

concerning the admission of the blood sample evidence—it would have held that the trial court's admission of Officer Carssow's testimony did not constitute reversible error. *Id.* (Dillon, J., dissenting). Specifically, the dissent reasoned that Officer Carssow "was not expressly asked to give a formal opinion as to who was driving the moped. Rather, he was merely asked what circumstantial evidence led him to form his belief that [d]efendant was driving, *at the time* he sought the warrant." *Delau*, 2020 WL 7974281, at *7. Even assuming that Officer Carssow's testimony was improper, though, the dissent would have held that the issue was not preserved for appellate review because "[d]efendant failed to state the grounds of his objection when the testimony was offered . . . [a]nd the grounds are not otherwise obvious in the context of the objection." *Id*. Finally, even assuming that the error was properly preserved for appellate review, the dissent reasoned that any such error was not prejudicial because defendant did not object to the introduction of the warrant, which contained Officer Carssow's "opinion" that defendant was the driver. *Id*.

¶ 17      On 4 February 2021, the State filed its notice of appeal to this Court based on the dissenting opinion below.

**C. Present Appeal**

¶ 18      Here, the State argues that the Court of Appeals majority erred in its determination that the trial court committed prejudicial error by admitting Officer Carssow's lay opinion testimony and that the Court of Appeals decision should thus

be reversed. First, the State argues that the majority erred in concluding that defendant properly preserved his argument regarding the alleged lay opinion testimony of Officer Carssow. The State asserts that defendant failed to provide the basis for his objection to Officer Carssow's testimony and, therefore, the issue was not preserved under Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure, which requires a party to state "the specific grounds for the" desired ruling. The State asserts that defendant provided "only a belated general objection to Officer Carssow's testimony" during the final portion of questioning about the scene of the moped accident.

¶ 19        Second, the State argues that even if defendant properly preserved this issue for appellate review, the Court of Appeals majority erred in concluding that Officer Carssow's testimony constituted improper lay opinion testimony. The State asserts that Officer Carssow was not giving his opinion on whether or not defendant was driving the moped but rather explaining what circumstantial evidence he relied upon in obtaining the warrant for the defendant's blood.

¶ 20        Third, the State argues that even assuming that the trial court erred in admitting Officer Carssow's testimony, the Court of Appeals majority erred in concluding that the alleged lay opinion testimony was prejudicial and that a new trial was required. The State asserts that other evidence presented at trial prevented defendant from carrying his burden to show that, in the absence of Officer Carssow's

testimony, there was "a reasonable possibility that…a different result would have been reached at the trial," quoting N.C.G.S. § 15A-1443(a) (2021). Specifically, the State notes that the warrant application contained functionally the same information as Officer Carssow's testimony regarding his conclusion that defendant was the driver of the moped. And because defendant did not object to the admission of the warrant application at trial, the State contends, any error in admitting Officer Carssow's testimony could not be prejudicial. *See State v. Campbell*, 296 N.C. 394, 399 (1979) ("It is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character."). Further, the State points to defendant's own cross-examination of Officer Carssow, which elicited much of the same information. The State concludes that because this other evidence and testimony presented at trial included much of the same information that is at issue in Officer Carssow's testimony, defendant cannot show that a different result would have been reached had Carssow's testimony been excluded, as required by N.C.G.S. § 15A-1443(a).

¶ 21        In response, defendant argues that the decision of the Court of Appeals majority should be affirmed. First, defendant argues that the issue of improper lay opinion testimony was properly preserved by defense counsel's timely objection at trial. Defendant asserts that the reason underlying defense counsel's objection to Officer Carssow's testimony is clear from its context under Rule 10(a)(1). Defendant

contends that his objection at trial was prompted by Officer Carssow's repeated use of the word "believe" when testifying as to his reasons for concluding that defendant was the driver of the moped. Accordingly, defendant argues, it was "apparent from the context" that defense counsel's objection was in direct response to Officer Carssow's improper lay opinion regarding who was driving the moped. *See* N.C. R. App. P. 10(a)(1).

¶ 22       Further, defendant argues that Officer Carssow's testimony was not admissible for any purpose because it was irrelevant and ultimately invaded the province of the jury. Defendant states that even an overruled "general objection" to evidence that could not have been admissible is preserved, citing *State v. Ward*, 301 N.C. 469, 477 (1980). Defendant contends that Officer Carssow's testimony about his belief that defendant was the moped driver faced an admissibility problem, which even the State acknowledges could have been subject to a "proper" objection.

¶ 23       Second, defendant argues that the Court of Appeals majority correctly determined that the trial court erred in admitting Officer Carssow's testimony because a non-expert officer investigating the aftermath of an accident cannot provide the jury with the conclusions he has drawn from his observations of the scene. Defendant notes that "[o]rdinarily, opinion evidence of a non-expert witness is inadmissible because it tends to invade the province of the jury," quoting *State v. Fulton*, 299 N.C. 491, 494, (1980). Although defendant notes that it is appropriate

"for an investigating officer to testify as to the condition and position of the vehicles and other physical facts observed by him at the scene of an accident, his testimony as to his *conclusions* from those facts is incompetent," quoting *State v. Wells*, 52 N.C. App. 311, 314 (1981) (emphasis added). Defendant notes that in *McGinnis v. Robinson*, 258 N.C. 264 (1962), this Court held that an investigating officer's testimony about who drove a vehicle in an accident that he did not witness was merely a guess or opinion and therefore not competent evidence, *id.* at 268. Here, defendant contends, Officer Carssow's testimony inappropriately drew inferences from his observations at the scene of the accident, as the jury was just as qualified as Officer Carssow to draw such inferences. Therefore, defendant concludes that the Court of Appeals majority correctly determined that the trial court erred in admitting Officer Carssow's non-expert testimony.

¶ 24        Third, defendant argues that the Court of Appeals majority correctly determined that the admission of this improper lay opinion testimony was prejudicial because it impacted the jury's analysis of the live issue in the case. Defendant asserts that the jury probably gave Officer Carssow's testimony "significant weight." Defendant further contends that the State's argument that Officer Carssow's testimony was essentially the same as the information included in the warrant application is without merit because the warrant application did not include Officer Carssow's thought process, explanation, or detailed observations. Accordingly,

defendant asserts that the Court of Appeals correctly concluded that there is a reasonable possibility of a different result in the absence of the improper evidence under N.C.G.S. § 15A-1443(a).

## II.    Analysis

¶ 25        Now, this Court must determine: (1) whether defendant properly preserved this issue for appellate review; if so, (2) whether the trial court erred by admitting the testimony in question; and, if so, (3) whether such error was prejudicial. "This Court reviews the decision of the Court of Appeals to determine whether it contains any errors of law." *State v. Melton*, 371 N.C. 750, 756 (2018). As an initial matter, we agree with the Court of Appeals majority and defendant that this issue was properly preserved for appellate review. However, we agree with the Court of Appeals dissent and the State that, assuming that the trial court's admission of the testimony in question was erroneous, it was not prejudicial. Accordingly, we reverse the Court of Appeals decision below.

### A. Preservation

¶ 26        First, we must consider whether this issue was properly preserved for appeal. Rule 10 of the North Carolina Rules of Appellate Procedure establishes that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent

from the context." N.C. R. App. P. 10(a)(1). This specificity requirement "prevents unnecessary retrials by calling possible error to the attention of the trial court so that the presiding judge may take corrective action if it is required. *State v. Bursell*, 372 N.C. 196, 199 (2019). Further, it "contextualizes the objection for review on appeal, thereby enabling the appellate court to identify and thoroughly consider the specific legal question raised by the objecting party." *Id.*

Here, we agree with the Court of Appeals majority below and defendant on appeal that the admissibility of Officer Carssow's testimony was properly preserved for appeal through defense counsel's timely objection at trial. During Officer Carssow's testimony, the parties and the trial court engaged in the following exchange:

> [Prosecutor:] So in a situation like this, you didn't see [defendant] driving. What circumstantial evidence did you believe you had at that time that he was, in fact, the driver of that moped?
>
> [Officer Carssow:] Correct. Pretty much starting from [defendant] wearing a helmet and having the jacket on—the riding jacket for safety—you know, safety equipment for riding a moped or motorcycle. His position next to the . . . moped. The fact that the moped was owned by him. The . . . extent of his injuries told me that *I didn't believe* anybody else could have been on scene. The speed at which both EMS and officers arrived on the scene which *I believe* prohibited—
>
> [Defense counsel]: Objection, your Honor.
>
> The court: Overruled.

> [Officer Carssow]: Prohibited, you know, too much
> time passing where other individuals are coming in and out
> where somebody else riding could have left the scene.

As determined by the Court of Appeals majority below, it is reasonably clear from the context of this exchange that defense counsel's objection was raised in immediate response to "Officer Carssow's testimony regarding the factual basis as to why he believed [d]efendant was driving." *Delau*, 2020 WL 7974281, at *4. While defense counsel certainly *could* have clarified the specific grounds for the objection, such specificity is not *required* where, as here, the purpose of the objection is apparent from the context. Further, defense counsel both "call[ed the] possible error to the attention of the trial court" and "contextualize[d] the objection for review on appeal," *Bursell* 372 N.C. at 199, by objecting as soon as the witness veered from answering the question about circumstantial evidence into the realm of opinion and belief, thus fulfilling the fundamental purposes of the Rule 10(a)(1) requirements. Accordingly, we hold that the grounds of defendant's timely objection were apparent from the context, and thus that defendant properly preserved the underlying issue for appeal.

**B. Legal Error**

Second, we must consider whether the trial court's admission of Officer Carssow's testimony that defendant was the driver of the moped constituted improper lay witness testimony. "We review the trial court's decision to admit [lay opinion testimony] evidence for abuse of discretion, looking to whether the court's ruling is

manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Williams*, 363 N.C. 689, 701–02 (2009) (cleaned up).

¶ 30     Rule 701 of the North Carolina Rules of Evidence establishes that

> [i]f [a] witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

N.C.G.S. § 8C-1, Rule 701 (2021). "Ordinarily, opinion evidence of a non-expert witness is inadmissible because it tends to invade the province of the jury." *Fulton*, 299 N.C. at 494. Specifically, the Court of Appeals has observed that this Court

> has held in several cases that while it is competent for an investigating officer to testify as to the condition and position of the vehicles and other physical facts observed by him [or her] at the scene of an accident, his [or her] testimony as to his [or her] conclusions from those facts is incompetent.

*Wells*, 52 N.C. App. at 314 (citing *Farrow v. Baugham*, 266 N.C. 739, (1966); *McGinnis v. Robinson*, 258 N.C. 264, (1962); *Shaw v. Sylvester*, 253 N.C. 176, (1960)).

¶ 31     Here, we assume without deciding that Officer Carssow's testimony noted above constituted an improper lay opinion under Rule 701 and therefore that the trial court erred in admitting the testimony. Because such assumed error would only require correction if prejudicial, we now proceed directly to the prejudice analysis.

## C. Prejudice

Third, we must consider whether this assumed error was prejudicial to defendant. Even assuming error, "evidentiary error does not necessitate a new trial unless the erroneous admission was prejudicial." *State v. Wilkerson*, 363 N.C. 382, 415 (2009). "A defendant is prejudiced by evidentiary error when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at . . . trial . . . ." *Id.* (cleaned up); *see* N.C.G.S. § 15A-1443(a) (2021) (establishing this standard). "The burden of showing . . . prejudice under [N.C.G.S. § 15A-1443(a)] is upon the defendant." N.C.G.S. § 15A-1443(a) (2021). Further, if certain evidence is admitted without objection, the admission of subsequent evidence of similar a character cannot be objectionable. *See Campbell*, 296 N.C. at 399.

Here, assuming *arguendo* that the admission of Officer Carssow's testimony was erroneous, we determine that defendant has not met his burden of showing prejudice because other admitted evidence included substantially similar information. First, defendant did not object to the introduction of the warrant application, which was admitted into evidence and published to the jury. The warrant application, signed by Officer Carssow, definitely stated Carssow's conclusion that the defendant was "operating the" moped. Next, defendant's own cross-examination of Officer Carssow brought out much of the same information because defendant

quoted from the warrant application where defendant was identified as the driver of the moped. Specifically, defense counsel's exchange with Officer Carssow during cross-examination noted that Officer Carssow's conclusion regarding who was driving the moped was "based upon circumstances," and that Officer Carssow "ascertained that [defendant] was operating the described vehicle at the time and place stated."

¶ 34        To be sure, it is reasonable to assume that the testimony of a police officer at trial will be afforded significant credibility and weight by the jury. Here, however, even if Officer Carssow's testimony was given significant weight by the jury, very similar evidence—to the effect that defendant was the moped driver was admitted without objection through the warrant application and the defendant's own cross-examination. Defendant did not meet his burden in showing that had Officer Carssow's testimony not been admitted, a different result would have been reached as required by N.C.G.S. § 15A-1443(a). Accordingly, we hold that even assuming that the trial court erred in admitting the testimony in question, such error was not prejudicial.

## III.   Conclusion

¶ 35        We agree with the Court of Appeals majority below and defendant on appeal that Officer Carssow's testimony was properly preserved for appeal. However, assuming *arguendo* that the admission of Officer Carssow's testimony was erroneous under Rule 701, we hold that defendant has not met his burden of showing that such

assumed error was prejudicial where other evidence properly admitted at trial established substantially the same thing. Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.